MARISOL A. NAGATA, ESQ.
State Bar No. 221387
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
20955 Pathfinder Road, Suite 300
Diamond Bar, California 91765
(626) 915-5714 – Phone
(909) 595-7640 - Fax
cdcaecf@BDFGROUP.com
File No. 2131845

Attorneys for Defendant
NDEX WEST, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>**Kim To Ta**<br>          Debtor.<br>_____<br><br>**Kim To Ta**,<br><br>          Plaintiff ,<br><br>vs.<br><br>**U S Bank National Association,,** *as successor trustee to Bank of America, National Association, 9Succesor by merger to LaSalle Bank National Association, as trustee for Morgan Stanley Trust 2007-8XS*, **NDEx West LLC,**<br><br>          Defendants. | CASE NO.:    8:10-bk-22705-TA<br>CHAPTER:    13<br>A.P. No.:    8:10-ap-01502-TA<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[FRBP Rule 7012; FRCP Rules 12(b)(6),(e)]*<br><br>HEARING:<br>   DATE:        TO BE SET<br>   TIME:        TO BE SET<br>   LOCATION:    US Bankruptcy Court<br>                411 W. Fourth St.<br>                Courtroom 5B, 5th Floor<br>                Santa Ana, CA |

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on a date and time to be set, in Courtroom 5B of the

1
MOTION TO DISMISS COMPLAINT; OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT

above-entitled Court, located at 411 W. Fourth St., Santa Ana, California, Defendant NDEX WEST, LLC ("Defendant") will move this Court for an order dismissing the Complaint ("Complaint") filed by Plaintiff Kim To Ta ("Plaintiff") pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6), made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure, Rule 7012(b)(6). Such motion will be brought on the grounds that Plaintiffs' Complaint fails to state any facts in support of a claim for relief against this Defendant. In the alternative, Defendant will move this Court pursuant to Federal Rule of Civil Procedure Rule 12(b)(e) for a more definite statement.

The motion will be based on this notice, the memorandum of points and authorities, the pleadings and papers on file herein, the request for judicial notice filed concurrently herewith, and upon such other written and argument as may be presented to the Court.

Respectfully submitted,

**BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP**

Dated:  November 26, 2010        By:        _/s/ Marisol A. Nagata_
                                            Marisol A. Nagata, Esq.
                                            Attorneys for Defendant
                                            NDEX WEST, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  INTRODUCTION

This action arises from the non-judicial foreclosure proceedings commenced against the Plaintiffs' residence commonly known as **10231 KENMORE STREET, ANAHEIM, CALIFORNIA** ("Property"). Plaintiff sought to avoid eviction and filed this lawsuit as a means to that end.

On April 6, 2009, a Notice of Default and Election to Sell Under Deed of Trust was recorded as Doc. No. 2009000162918 in the Orange County Recorder's Office. A Notice of Trustee's Sale was subsequently recorded on July 24, 2009 as Doc. No. 2009000397501 in the Orange County Recorder's Office. The original trustee's sale of the Property was scheduled for August 11, 2009 at 12:00 PM. The trustee's sale was finally completed on August 10, 2010. A Trustee's Deed Upon Sale was recorded on August 24, 2010 Doc. No. 2010000409632 in the Orange County Recorder's Office.

Defendant was the company retained to coordinate and effectuate the foreclosure of the Property, and successor Trustee under the Deed of Trust pursuant to a Substitution of Trustee recorded on May 21, 2009 as Doc. No. 2009000256102 in the Orange County Recorder's Office, and the party which generated the Notice of Default and Election to Sell Under Deed of Trust.

Plaintiff commenced the underlying bankruptcy proceeding in Chapter 7 of the Bankruptcy Code on September 9, 2010. The Plaintiff's Chapter 7 case was converted to a Chapter 13 on October 18, 2010.

On October 25, 2010, Plaintiff commenced the instant adversary action and filed a Complaint to Determine the Nature, Extent and Validity of Lien and to Disallow Secured Claim; TILA Violation; Quite Title; Cancel Trustee Deed; and For Damages ("The Complaint"). The causes of action listed in the caption of the Complaint do not match the causes of action set forth

in the body of the complaint, which are: (1) Declaratory Relief to Determine an Interest in Property; (2) Declaratory Relief to Determine Status of US Bank Claim; (3) TILA Violation (4) Cancellation of Trustee Deed; (5) Quiet Title; and (6) RESPA Violations; (7) FDCPA; and (8) Wrongful Trustee Sale. Only the 6th Cause of Action (RESPA Violations), 7th Cause of Action (FDCPA), and 8th Cause of Action 9 Wrongful Trustee Sale) are asserted by Plaintiff against Defendant.

As to this Defendant, Plaintiff's Complaint alleges no specific facts that would give rise to such relief. Plaintiff fails to allege the existence of any real dispute between Defendant and Plaintiffs. Defendant has statutory immunity from civil liability. Any action Defendant took was taken in its capacity as trustee under the Deed of Trust and in pursuit of the non-judicial foreclosure of the Property. Defendant's inclusion in the Complaint is misplaced and without factual support. Plaintiff's lawsuit as to this Defendant should be dismissed outright because their generalized allegations, non-discernable claims, and prayers for relief do not state a claim against Defendant.

Alternatively, Plaintiff's pleading does not meet the minimal pleading requirements under Rule 8 of the Federal Rules of Civil Procedure, which requires Plaintiff to plead "enough facts to state a claim to relief that is *plausible on its face*" and "above the speculative level."[1] Plaintiff's Complaint consists of generalized allegations completely devoid of necessary facts requisite to pleading a cause of action against this Defendant.

II.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff executed a deed of trust ("Deed of Trust") on or about November 24, 2006 imposing a first priority lien on certain real property commonly known as **10231 KENMORE**

---

[1] *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, 1974, 167 L.Ed. 2d 929 (2007) (emphasis added).

**STREET, ANAHEIM, CALIFORNIA** ("Property"). [Comp., ¶5; Request for Judicial Notice ("RJN"), Exhibit 1].

The Notice of Default and Election to Sell Under Deed of Trust was recorded On or about April 6, 2009. [RJN, Exhibit 4]. The Assignment of Deed of Trust to US BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, (SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION) AS TRUSTEE FOR MORGAN STANLEY LOAN TRUST 2007-8XS was recorded on May 18, 2009. [RJN, Exhibit 2]. The Notice of Trustee's Sale was recorded on July 24, 2009. [RJN, Exhibit 5]. A non-judicial foreclosure trustee sale of the Property was completed on August 10, 2010. [RJN, Exhibit 6].

Defendant was the company retained to coordinate and effectuate the foreclosure of the Property as the successor Trustee under the Deed of Trust pursuant to a Substitution of Trustee and the party which generated the Notice of Default and Election to Sell Under Deed of Trust. [RJN, Exhibit 3].

Plaintiff filed for Chapter 7 bankruptcy protection on September 9, 2010 but was converted to Chapter 13 on October 18, 2010. [Comp. ¶4.]

On October 25, 2010, Plaintiff commenced the instant adversary action.

III.    ANALYSIS

A.    LEGAL STANDARD FOR GRANTING MOTION TO DISMISS

It is well-established that a complaint may be dismissed pursuant to Rule 12(b)(6) if it appears beyond doubt that plaintiff can prove no set of facts in support of its claim which would entitle it to relief.[2] Specifically, even though a "short and plain statement" of the claim must be

---

[2] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

alleged,[3] a complaint may be dismissed as a matter of law under FRCP, Rule 12(b)(6) for (a) lack of a cognizable legal theory or (b) insufficient facts under a cognizable legal claim.[4] In terms of the latter, "factual allegations must be enough to raise a right to relief above the speculative level"[5] and "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" must be alleged.[6] Courts should dismiss any claim "that fails to plead sufficiently all required elements of a cause of action,"[7] while a court may not "supply essential allegations of the claim that were not initially pled."[8]

Further, when ruling on a motion to dismiss, all well-pled facts in the complaint are deemed true,[9] however conclusory allegations are disregarded.[10] Thus, the liberality with which courts view pleadings cannot salvage a conclusive claim unsubstantiated by transparent fact.[11] In fact, while Courts consider facts in the complaint as true on a motion to dismiss, they do not "assume the truth of legal conclusions merely because they are in the form of factual allegations."[12] Further, "the Court is not required to accept legal conclusions in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."[13]

In ruling upon a Rule 12(b)(6) motion, the Court may consider documents exhibited to the complaint, documents referred to in the complaint or documents that are central to a Plaintiffs' claim.[14] Furthermore, the Court can consider documents that are properly subject to

---

[3] *FRCP*, Rule 8(a)(2)
[4] *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-534 (9th Cir. 1984); see generally *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990)
[5] *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)
[6] *Id.*
[7] *Student Loan Mktg. Ass'n,* 181 F.R.D. 629, 639 (S.D. Cal. 1998)
[8] *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).
[9] *Shah v. County of Los Angeles*, 797 F.2d 743, 745 (9th Cir. 1986).
[10] *McCarthy v. Mayo,* 827 F.2d 1310, 1316 (9th Cir. 1987).
[11] *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).
[12] *Id.*
[13] *Clegg v. Cult Awareness Network*, 18 F.3d. 752, 754-55 (9th Cir. 1994).
[14] *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994)

Judicial Notice under Federal Rules of Evidence 201.[15]  In light of the foregoing, Defendant requests that this Court consider each of the documents attached to the Request for Judicial Notice in its analysis of this Motion. To the extent that the documents exhibited or referenced in the complaint conflict with the complaint, the Court may also disregard allegations in a complaint.[16]

B.  THE COMPLAINT LACKS A CLAIM UPON WHICH RELIEF CAN BE GRANTED: SIXTH CLAIM FOR RELIEF (RESPA VIOLATIONS), SEVENTH CLAIM FOR RELIEF (FDCPA), and EIGHTH CLAIM FOR RELIEF (WRONGFUL TRUSTEE SALE).

The Complaint alleges nothing more than a trustee acting under a deed of trust and comporting with its statutory duties at the behest of the lender.  Since no cause of action lies against Defendant, Defendant respectfully requests that each cause of action alleged by Plaintiff be dismissed as it fails to state a claim against Defendant.

The Plaintiff's 6th, 7th and 8th causes of action against Defendant are not viable.  Plaintiff mischaracterizes Defendant as a "sub-servicer".[17] To the contrary, Defendant was the substitute trustee under the Deed of Trust. [RJN, Exhibit 3].  As such, Defendant has statutory immunity from civil liability. California Civil Code § 2924(d) provides that the mailing, publication and delivery of foreclosure notices and the performance of statutorily-authorized acts in furtherance of the non-judicial foreclosure process are privileged communications under the qualified

---

[15] *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504(9th Cir. 1986)

[16] *During v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987)

[17] *Heinemann v. Jim Walter Homes, Inc.*, 47 F.Supp.2d 716, 722 (D.W.Va.1998) aff'd 173 F.3d 850 (4th Cir. 1999) (trustee who merely foreclosed under deed of trust was not "debt collector" as defined by Federal Debt Collection Practices Act ("FDCPA.");see also *Hulse v. Ocwen Federal Bank, FSB*, 195 F.Supp.2d 1188, 1203-1204 (D.Or. 2002.) (payment of funds is not the object of the foreclosure action but rather, the lender is foreclosing its interest in the property and foreclosure by the trustee is not the enforcement of the obligation because it is not an attempt to collect funds from the debtor).

common-interest privilege of Cal. Civ. Code § 47(c)(1).  The privilege applies to *all* tort claims except malicious prosecution.[18]

In *Kachlon*, the borrowers sued for slander of title and negligence, alleging that the notice of default was recorded without adequate investigation and was not rescinded despite evidence that the underlying obligation had been fully satisfied.  In particular, they alleged that "by failing to obtain the original note and deed of trust, [the defendant] acted with reckless disregard as to whether the notice of default was warranted."[19]    The Court of Appeal disagreed, affirming a *directed verdict* on the slander of title claim and a *judgment notwithstanding the verdict* on the negligence claim and concluding that the defendant was, at worst, negligent and did not thereby relinquish the statutory privilege.[20]  Importantly, a trustee under a deed of trust is a passive, special agent with limited powers.  Its special agency is for specific limited purposes – (1) to "reconvey" the deed of trust upon satisfaction of the debt, resulting in a release of the deed of trust, and (2) to progress non-judicial foreclosure upon the trustor's default, resulting in sale of the property.[21]  The scope and nature of the trustee's duties are defined *exclusively* by the deed of trust and the statutes governing non-judicial foreclosures.[22]  The trustee is not a fiduciary and does not have general fiduciary duties to the trustor or the beneficiary.[23]

Plaintiff alleges that Defendant did not have "ownership of the actual note". Again, Defendant was the trustee under the Deed of Trust. [RJN, Exhibit 3.]    Under California law, "there is no stated requirement in California's non-judicial foreclosure scheme that requires . . .

---

[18] *Kachlon v. Markowitz* (2008) 168 Cal. App. 4th 316, 336.
[19] *Id.* at pages 343-344.
[20] *Id.*
[21] *Vournas v. Fidelity National Title Insurance Co.* (1999) 73 Cal.App.4th 668, 677.
[22] *I.E. Associates v. Safeco Title Insurance Co.* (1985) 39 Cal.3d 281, 287-288 ("persuasive policy reasons…militate against a[ny] judicial expansion of those duties"); *Residential Capital v. Cal-Western Reconveyance* (2003) 108 Cal.App.4th 807, 827 (judicial imposition of additional non-statutory duties on trustees would "…graft a tort remedy onto a comprehensive statutory scheme in the absence of a compelling justification for doing so…").
[23] *Hatch v. Collins* (1990) 225 Cal.App.3d 1104, 1111-1112; *Stephens, Partain & Cunningham v. Hollis* (1987) 196 Cal.App.3d 948, 955;; 4 Miller & Starr, Cal. Real Estate (3rd ed 2000) § 10:4.

the production of the original note to initiate a non-judicial foreclosure."[24]  Nor must the entity conducting a foreclosure be the holder of the note and deed of trust.  California Civil Code §2924(a)(l) provides that a "*trustee*, mortgagee or beneficiary *or any of their authorized agents*" may conduct the foreclosure process. (emphasis added).

There are simply *no* facts alleged that support a conclusion that Defendant, as substitute trustee, did anything more than progress a non-judicial foreclosure pursuant to the lender's instructions and authorization.  There are certainly *no* facts alleged that support a conclusion that Defendant acted with malice.  Without *factual* allegations *and* proof of malice, Defendant has statutory immunity from liability on any claim for damages.[25]

Simply put, the Complaint is devoid of any facts supporting a cause of action against this Defendant.  The Complaint should be dismissed outright.

B. <u>ALTERNATIVELY, THE COURT SHOULD ORDER A MORE DEFINITE STATEMENT.</u>

If this Court does not dismiss all of the causes of action asserted in the Complaint against, this Defendant, the Court should order Plaintiff to provide a more definite statement of the remaining claims.  Rule 12(e) authorizes a motion for more definite statement to be granted when the pleading is "so vague or ambiguous that [the defendant] cannot be reasonably be required to frame a responsive pleading."[26] The Complaint does not "plead a short and plan statement" of the elements of Plaintiff's claim.  The Complaint does not satisfy the *Bell Atlantic Corp. v. Twombly* standard requiring "more than labels and conclusions" to plead claims that are

---

[24] *Mangalist v. Nat'l City Mortgage*, 2010 Westlaw 2044687 at*2 (E.D. Cal. May 20, 2010), citing *Oliver v. Countrywide Home Loans, Inc.* 2009 WL 3122573, at *3 (E.D. Cal. Sept. 29, 2009); <u>see also</u> *Nool v. HomeEq Servicing,* 653 F.Supp.3d 1047 (E.D. Cal. 2009).
[25] Cal. Civ. Code § 2924(d); *Kachlon v. Markowitz (2008) 168 Cal. App. 4th 316, 336.*
[26] Fed.R.Civil.P. 12(e)

"plausible on [their] face."[27] If this Court allows any of Plaintiff's claims to survive, Plaintiff should be ordered to set forth in detail the specific facts supporting each count they assert.

IV. CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint, with prejudice, or, in the alternative, Motion for a More Definite Statement.

Respectfully submitted,
**BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP**

Dated: November 26, 2010

By: /s/ Marisol A. Nagata
MARISOL A. NAGATA
Attorneys for Defendant, NDEX West, LLC

---

[27] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1964-1965, 1974.