1 | Jeffrey S. Gerardo #146508
Steven M. Dailey #163857
2 | KUTAK ROCK LLP
Suite 1100
3 | 18201 Von Karman Avenue
Irvine, CA  92612-1077
4 | Telephone:  (949) 417-0999
Facsimile:   (949) 417-5394

**FILED**

**NOV 29 2010**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                              Deputy Clerk

6 | Attorneys for Defendant U.S. BANK NATIONAL
ASSOCIATION AS SUCCESSOR TRUSTEE TO
7 | BANK OF AMERICA, NATIONAL
ASSOCIATION, SUCCESSOR BY MERGER TO
8 | LA SALLE BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR MORGAN STANLEY
9 | TRUST 2007-8XS

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>TA KIM TO,<br><br>            Debtor. | Case No.  8:10-bk-22705-TA<br>Adversary Case No.: 8:10-ap-01502-TA<br><br>Assigned to: Hon. Theodor C. Albert<br>Courtroom:  5B |
| TA KIM TO,<br><br>            Plaintiff,<br><br>v.<br><br>U.S.   BANK   NATIONAL<br>ASSOCIATION   AS   SUCCESSOR<br>TRUSTEE TO BANK OF AMERICA,<br>NATIONAL         ASSOCIATION,<br>SUCCESSOR   BY   MERGER   TO<br>LASALLE   BANK   NATIONAL<br>ASSOCIATION AS TRUSTEE FOR<br>MORGAN STANLEY TRUST 2007-<br>8XS; NDEx WEST, LLC; and all<br>persons claiming by, through, or under<br>such persons, all persons unknown,<br>claiming any legal or equitable right,<br>title, estate, lien, or interest in the<br>property described in the complaint<br>averse to Plaintiff's title thereto; and<br>DOES 1-100, inclusive,<br><br>            Defendants. | **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Federal Rule of Civil Procedure, Rule 12(b)(6)]<br><br>Filed and Served Concurrently with:<br><br>1. Motion to Strike<br>2. Request for Judicial Notice<br><br>Date:        February 3, 2011<br>Time:        11:00 a.m.<br>Ctrm.:       5B |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that that on February 3, 2011 at 11:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 5B, of the above-entitled court, located at 411 West Fourth Street, Santa Ana, California, Defendant U.S. BANK NATIONAL ASSOCIATION AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO LA SALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR MORGAN STANLEY TRUST 2007-8XS ["U.S. BANK"] will and hereby does move this Court to dismiss the Complaint against U.S. BANK in this case.

The Motion is brought pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the grounds that the entire Complaint and each purported cause of action contained therein fails to state a claim upon which relief can be granted against U.S. BANK. Specifically:

1.    U.S. BANK moves to dismiss Plaintiff's Complaint, and each cause of action contained therein, on the basis that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff lacks standing to prosecute the claims asserted in the adversary proceeding.

2.    U.S. BANK moves to dismiss Plaintiff's Complaint, and each cause of action contained therein, on the basis that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff lacks standing to challenge the trustee's sale because she cannot allege that she tendered all amounts due under the loan.

3.    U.S. BANK moves to dismiss Plaintiff's Complaint, and each cause of action contained therein, on the basis that a lender is not obligated to possess the original note prior to conducting a nonjudicial foreclosure and because MERS is authorized to conduct a nonjudicial foreclosure in California.

4.    U.S. BANK moves to dismiss Plaintiff's Complaint, and each cause of action contained therein, on the basis that the August 10, 2010 trustee's sale is presumed valid.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1                            - 2 -                MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

5.      U.S. BANK moves to dismiss Plaintiff's First Cause of Action for Declaratory Relief to Determine an Interest in Property in on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) Plaintiff does not have standing to bring this action as it is not exempt and the chapter 7 trustee has not abandoned the claims, B) Plaintiff has not alleged tender of all amounts due under the loan, C) possession of the note is not a prerequisite to conducting a nonjudicial foreclosure, D) foreclosure was permitted under the Deed of Trust, and E) Plaintiff fails to allege the existence of an actual controversy.

6.      U.S. BANK moves to dismiss Plaintiff's Second Cause of Action for "Declaratory Relief to Determine Status of US Bank Claim" on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) Plaintiff does not have standing to bring this action as it is not exempt and the chapter 7 trustee has not abandoned the claims, B) Plaintiff has not alleged tender of all amounts due under the loan, C) possession of the note is not a prerequisite to conducting a nonjudicial foreclosure, D) foreclosure was permitted under the Deed of Trust, and E) Plaintiff fails to allege the existence of an actual controversy.

7.      U.S. BANK moves to dismiss Plaintiff's Third Cause of Action for "TILA Violation" on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) Plaintiff's TILA claim alleges no wrongdoing by US BANK and B) Plaintiff's TILA claims are time barred..

8.      U.S. BANK moves to dismiss Plaintiff's Fourth Cause of Action for "Cancellation of Trustee Deed" on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) Plaintiff lacks standing to seek an order voiding the deed because she has not tendered all amounts due under the loan and B) Plaintiff fails to allege any basis to cancel the deed..

9.      U.S. BANK moves to dismiss Plaintiff's Fifth Cause of Action for "Quiet Title" on the basis that Plaintiff fails to state a claim upon which relief can be granted because A) any outstanding debts must be paid before an action to quiet

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1                                      - 3 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

1    title is commenced, B) Plaintiff cannot state a basis for superior title, and C)

2    Plaintiff fails to allege all adverse claims to the Property.

3        10.    U.S. BANK moves to dismiss Plaintiff's Sixth Cause of Action for

4    "RESPA Violation" on the basis that Plaintiff fails to state a claim upon which

5    relief can be granted because A) any RESPA claims are barred by the statute of

6    limitations, B) Plaintiff fails to allege any pecuniary loss as a result of the alleged

7    RESPA violations, and C) Plaintiff fails to allege simple, concise, and clear

8    allegations stating a RESPA claim.

9        11.    U.S. BANK moves to dismiss Plaintiff's Eighth Cause of Action for

10    "Wrongful Trustee Sale" on the basis that Plaintiffs fail to state a claim upon which

11    relief can be granted because A) Plaintiff fails to identify any procedural

12    irregularity, B) a notice of default may be recorded by an agent of the beneficiary,

13    C) Plaintiff fails to identify any prejudice resulting from any procedural

14    irregularity, and D) US BANK did not occupy a fiduciary relationship with

15    Plaintiff.

16        This Motion is based on this Notice of Motion, the attached Memorandum of

17    Points and Authorities, the Request for Judicial Notice, the pleadings and records

18    on file herein, and upon such oral and documentary evidence as may be presented

19    by the parties at the hearing.

20    Dated:    November 29, 2010    KUTAK ROCK LLP

21

22        By: _____

23            Jeffrey S. Gerardo
        Steven M. Dailey
        Attorneys for Defendant
        U.S. BANK NATIONAL ASSOCIATION

24            AS SUCCESSOR TRUSTEE TO BANK
        OF AMERICA, NATIONAL

25            ASSOCIATION, SUCCESSOR BY
        MERGER TO LA SALLE BANK

26            NATIONAL ASSOCIATION AS
        TRUSTEE FOR MORGAN STANLEY

27            TRUST 2007-8XS

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1    - 4 -    MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

TABLE OF CONTENTS

1.  INTRODUCTION AND STATEMENT OF FACTS. ....................................1

2.  JURISDICTION AND VENUE. ........................................................3

3.  US BANK'S MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ........................................3

4.  PLAINTIFF LACKS STANDING TO PROSECUTE THE CLAIMS ASSERTED IN THE ADVERSARY PROCEEDING. ...................................4

5.  PLAINTIFF'S INABILITY TO TENDER IS A COMPLETE BAR TO HIS EACH CAUSE OF ACTION IN HIS COMPLAINT. ......................7

6.  THE AUGUST 10, 2010 TRUSTEE'S SALE IS PRESUMED VALID........9

7.  A LENDER IS NOT OBLIGATED TO "POSSESS THE NOTE" PRIOR TO CONDUCTING A NON-JUDICIAL FORECLOSURE AND MERS IS AUTHORIZED TO CONDUCT NONJUDICIAL FORECLOSURE. .................................................................... 10

    A.  There Is No Requirement that a Lender "Possess the Note" Prior to Conducting a Non-Judicial Foreclosure.......................................... 10

    B.  MERS is Authorized to Conduct Nonjudicial Foreclosure................ 12

8.  PLAINTIFF'S FIRST CAUSE OF ACTION FOR "DECLARATORY RELIEF TO DETERMINE AN INTEREST IN PROPERTY" AND SECOND CAUSE OF ACTION FOR "DECLARATORY RELIEF TO DETERMINE STATUS OF US BANK CLAIM" MUST FAIL. ......... 13

    A.  Plaintiff Does Not Have Standing to Bring this Action as it Is Not Exempt and the Chapter 7 Trustee Has Not Abandoned the Claims. ......................................................... 13

    B.  Plaintiff Has Not Alleged Tender of All Amounts Due Under the Loan. ............................................................... 13

    C.  Possession of the Note Is Not a Prerequisite to Conducting a Foreclosure. ............................................................. 13

    D.  Foreclosure Was Permitted Under the Deed of Trust. ....................... 14

    E.  Plaintiff Fails to Allege the Existence of an Actual Controversy. ...... 14

9.  PLAINTIFF'S THIRD CAUSE OF ACTION FOR "TILA VIOLATION" MUST FAIL........................................................... 15

    A.  Plaintiff's Inability to Restore the Proceeds of the Loan Means the TILA Claim Fails............................................... 15

    B.  ANY CLAIM FOR RESCISSION IS TIME-BARRED.................... 15

10. PLAINTIFF'S FOURTH CAUSE OF ACTION FOR "CANCELLATION OF TRUSTEE DEED" MUST FAIL. ......................... 18

    A.  Plaintiff Lacks Standing to Seek an Order Voiding the Deed of Trust Because She has Not Tendered All Amounts Due Under the Loan. .............................................................. 18

    B.  Plaintiff Fails to Allege Any Basis to Cancel the Deed of Trust. ....... 18

11. PLAINTIFF'S FIFTH CAUSE OF ACTION FOR "QUIET TITLE" MUST FAIL. ............................................................. 19

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

| | A. | Any Outstanding Debts Must be Paid Before an Action to Quiet Title is Commenced | 19 |
| | B. | Plaintiff Cannot State a Basis for Superior Title | 19 |
| | C. | Plaintiff Fails to Allege All Adverse Claims to the Property | 20 |
| 12. | | PLAINTIFF'S SIXTH CLAIM FOR "RESPA VIOLATIONS" MUST FAIL | 20 |
| | A. | Any RESPA Claims Are Barred by the Statute of Limitations | 20 |
| | B. | Plaintiff Fails to Allege any Pecuniary Loss as a Result of the Alleged RESPA Violations | 21 |
| | C. | Plaintiff Fails to Allege "Simple, Concise and Clear" Allegations Stating a RESPA Claim | 21 |
| 13. | | PLAINTIFF'S SEVENTH CAUSE OF ACTION FOR "FDCPA" MUST FAIL AS TO US BANK | 22 |
| 14. | | PLAINTIFF'S EIGHTH CAUSE OF ACTION FOR "WRONGFUL TRUSTEE SALE" MUST FAIL | 22 |
| | A. | Plaintiff Fails to Identify any Procedural Irregularity | 22 |
| | B. | A Notice of Default May Be Recorded by an Agent of the Beneficiary | 23 |
| | C. | Plaintiff Fails to Identify any Prejudice Resulting from any Procedural Irregularity | 23 |
| | D. | US BANK Did Not Occupy a Fiduciary Relationship with Plaintiff | 24 |
| 15. | | CONCLUSION | 25 |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1

- ii -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

# TABLE OF AUTHORITIES

## FEDERAL CASES

Abdollahi v. Washington Mutual, FA,
2009 WL 1689656, *2, fn. 4 (N.D.Cal. 2009) .......................................... 20

Agbabiaka v. HSBC Bank USA Nat. Ass'n
2010 WL 1609974 ........................................................................... 17

American Mortgage Network Inc. v. Shelton,
486 F. 3d 815, 821 (4th Cir. 2007) ..................................................... 15

Ballistreri v. Pacifica Police Dep't,
901 F.2d 696, 699 (9th Cir. 1990) .......................................................4

Beach v. Ocwen Fed. Bank
(1998) 523 U.S. 410, 419 .................................................................. 16

Beliveau v. Caras,
873 F. Supp. 1393, 1395 (C.D. Cal. 1995) ..............................................4

Bell Atlantic Corp. v. Twombly
127 S.Ct. 1955, 1965 (2007) ............................................................. 21

Binnick v. Avco Financial Services,
435 F. Supp. 359 (D. Neb. 1977) ..........................................................7

Bryson v. Bank of New York,
584 F. Supp. 1306 (S.D.N.Y. 1984) ......................................................7

Cain v. Hyatt,
101 B.R. 440, 442 (E.D. Pa. 1989) .......................................................5

Carter v. Deutsch Bank National Trust Company, as Trustee
(N.D. Cal. 2010) 2010 WL 424477 ..................................................... 13

Champlaie v. BAC Home Loans Servicing,
706 F.Supp.2d 1029, 1051 (E.D. Cal. 2009) .......................................... 11

Davidson,
2010 WL 962712, *6 (S.D. Cal. 2010) ................................................. 12

Edwards v. First Am. Corp.,
517 F.Supp.2d 1199, 1204-1205 (C.D.Ca 2007) ..................................... 20

Farner v. Countrywide Home Loans,
2009 WL 189025, at *2 (S.D. Cal. 2009) .............................................. 11

Feliciano v. Washington Mutual Bank, F.A.
(E.D. Cal. August 31, 2009) 2009 Wl 2390842 ..................................... 15

Gonzalez v. Alliance Bancorp
(N.D. Cal. 2010) 2010 WL 1575963 .................................................... 16

Guerpo v. Amresco Residential Mortgage Corp.,
13 Fed. Appx. 649, 650 (9th Cir. 2001) (unpublished) ...............................5

Hutchison v. Delaware Sav. Bank FSB,
410 F. Supp.2d 374, 383 (D.N.J. 2006) ................................................ 21

In re Bronner,
135 B.R. 645 (1992) .........................................................................5

In re Gavend,
25 F.3d 1056 (10th Cir. 1994) .............................................................4

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1

- iii -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

In re Haralambous,
  257 B.R. 697 (Bankr. D. Conn. 2001) ...................................................................6

In re Kings Falls Power Corp.,
  185 B.R. 431 (Bankr.N.D.N.Y. 1995) ............................................................... 14

In re Smith,
  640 F.2d 888, 890 (7th Cir. 1981) .....................................................................5

In re Wischan,
  77 F.3d 875 (5th Cir. 1996) ...............................................................................4

Jones v. Harrell,
  858 F.2d 667 (11th Cir. 1988) ...........................................................................4

Kay v. Wells Fargo & Co.
  (N.D. Cal. 2007) 247 F.R.D. 572, 577.............................................................. 15

King v. California,
  784 F.2d 910, 914 (9th Cir. 1986) .................................................................... 16

Lee v. City of Los Angeles,
  250 F.3d 986, 987 (9th Cir. 2001) .....................................................................7

Lehner v. United States
  (9th Cir. 1982) 685 F.2d 1187 ......................................................................... 24

Ljepava v. M.L.S.C. Prpos. Inc.,
  511 F.2d 935, 944 (9th Cir. 1975) .....................................................................9

Migdal v. Rowe Price-Fleming Int'l, Inc.,
  248 F.3d 321, 328 (4th Cir. 2001) ................................................................... 21

Morgera v. Countrywide Home Loans, Inc.
  (E.D. Cal. Jan. 11, 2010) 2010 WL 160348 ..................................................... 12

Nguyen, supra,
  2009 WL 3297269 ........................................................................................... 18

Nool v. Homeq Servicing,
  2009 WL 2905745, *7 (E.D. Cal. 2009).......................................................... 19

Paek v. Plaza Mortgage,
  2009 WL 1668576, *4 (C.D. Cal. June 15, 2009) ........................................... 19

Palmer v. Wilson,
  502 F. 2d 860, 862-863 (9th Cir. 1974)..............................................................9

Pantoja v. Countrywide Home Loans, Inc.
  (N.D. Cal. 2009) 640 F.Supp.2d 1177, 1190.................................................... 12

Perlas v. Mortgage Electronic Registration Systems (MERS)
  (N.D. Cal. 2010) 2010 WL 3079262 ................................................................ 12

Pfannelstiel v. MERS, Inc.
  (E.D. Cal. Feb. 11, 2009) No. CIV-S-082609, 2009 WL 347716 .................... 12

Putkkuri v. ReconTrust Co.,
  2009 WL 32567, at *2 (S.D. Cal. 2009)........................................................... 10

Reynoso v. Paul Financial, LLC
  (N.D. Cal. Nov. 16, 2009) 2009 WL 3833298 ................................................. 17

Rose v. Beverly Health and Rehabilitation Services, Inc.,
  356 B.R. 18, 23 (E.D. Cal. 2006)........................................................................7

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1                - iv -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

Rowland v. Novus Financial Corp.,
    949 F.Supp. 1447 (D. Haw. 1996).............................................................. 5, 6, 7

San Diego Home Sols., Inc. v. ReconTrust Co.,
    2008 WL 5209972, at *2 (S.D. Cal. 2008)........................................................ 10

Simon v. Eastern Kentucky Welfare Rights Org.,
    426 U.S. 26, 41 (1976)......................................................................................4

Smith v. Bank of New York, as Trustee
    (Bkrtcy. D. Colo. Apr. 30, 2007), No. 06-12289 HRT, 366 B.R. 149 .............. 12

Swierkiewicz v. Sorema, N.A.,
    534 U.S. 506, 513 (2002)................................................................................ 21

Taylor v. Money Store
    (9th Cir. 2002) 2002 WL 1769962 .................................................................. 16

Weisbuch v. County of Los Angeles,
    119 F.3d 778, 783 n.1 (9th Cir. 1997) ...............................................................4

Whitmore v. Arkansas,
    495 U.S. 149, 154-55 (1990) .............................................................................4

Williams v. Homestake Mortgage Co.
    968 F.2d 1137, 1139-1140 (11th Cir. 1992).......................................................9

Yamamoto v. Bank of New York,
    329 F.3d 1167 (9th Cir. 2003) ........................................................................ 15

STATE CASES

Aguilar v. Bocci
    (1992) 39 Cal.App.3d 475, 477 ....................................................................... 19

Alturas v. Gloster,
    16 Cal.2d 46, 48 (1940) .................................................................................. 14

Anderson v. Heart Federal Sav. & Loan Assn.
    (1989) 208 Cal.App.3d 202, 210 ..................................................................... 10

Angels, Inc. v. Stuart-Wright Mortgage, Inc.,
    85 Cal.App.4th 1279, 1284 (2001).................................................................. 24

Arnolds v. Management Corp. v. Eischen,
    158 Cal.App.3d 575, 579 (1984).......................................................................8

Aspen Enterprises, Inc. v. Bodge,
    37 Cal.App.4th 1811, 1818 (1995) .................................................................. 11

Copesky v. Sup. Ct.,
    229 Cal.App.3d 678, 690 (1991) ..................................................................... 24

Droeger v. Friedma, Sloan & Ross
    (1991) 54 Cal.3d 26 ........................................................................................ 10

Ephraim v. Metropolitan Trust co. of Calif.
    (1946) 28 Cal.2d 824, 833 .............................................................................. 18

Hatch v. Collins,
    225 Cal.App.3d 1104, 1113 (1990) ................................................................. 10

Hibernia Savings & Loan Soc. v. Ordway
    (1869) 38 Cal. 679 .......................................................................................... 18

I.E. Assocs. v. Safeco Title Ins. Co., 39 Cal. 3d 281, 285

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1                                - v -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

(1985) .................................................................................................. 11, 22

Karlsen v. Gibralter Sav. & Loan Assn.,
    15 Cal.App.3d 112, 117 (1974) ........................................ 7, 8, 18, 19

Karrell v. First Thrift of Los Angeles
    (1951) 104 Cal.App.2d 536, 537 ............................................... 10

Khoury v. Maly's of California,
    14 Cal.App.4th 612, 619 (1993) .................................................. 22

Kim v. Sumitomo Bank, 17 Cal.App.4th 974, 979 (1993) .................. 24

Knapp v. Doherty,
    123 Cal.App.4th 76 (2004) .................................................. 23, 24

MCA, Inc. v. Universal Diversified Corp.,
    27 Cal.App.3d 170, 177 (1972) ..................................................... 7

Melendrez v. D&I Investment, Inc.,
    127 Cal.App.4th 1238, 1257 (2005) ............................................. 23

Moeller v. Lien,
    25 Cal. App. 4th 822, 834 (1994) ........................................ 11, 22

Peterson Development Co. v. Torrey Pines Bank,
    233 Cal.App.3d 103, 119 (1991) .................................................. 24

Price v. Wells Fargo Bank,
    213 Cal.App.3d 465, 477 (1989) .................................................. 25

Raedkle v. Gibralter Sav. & Loan Assn.,
    10 Cal.3d 665, 671 (1975) ............................................................ 7

Smith v. Allen,
    68 Cal.2d 93, 98  (1968) ............................................................... 8

Stock v. Meek
    (1950) 35 Cal.2d 809, 815 ......................................................... 18

Taliaferro v. Crola,
    152 Cal.App.2d 448, 449 (1957) ................................................. 10

Twain Harte Homeowners Ass'n v. Patterson
    (1987) 193 Cal.App.3d 184, 188 ................................................ 19

Whitman v. Transtate Title Co.,
    165 Cal.App.3d 312, 322-323 (1985) ............................................ 7

Wolfe v. Lipsy
    (1985) 163 Cal.App.3d 633, 638 ................................................ 18

Wood v. Metzenbaum
    (1950) 107 Cal.App.2d 727, 730 ................................................ 18

FEDERAL STATUTES

11 U.S.C. § 704(a) ............................................................................... 5

11 U.S.C. §§ 554(c) .............................................................................. 6

12 U.S.C. § 2601 ................................................................................ 20

12 U.S.C. § 2605 ................................................................................ 21

12 U.S.C. § 2605(f)(1)(A) .................................................................. 21

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1

- vi -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

12 U.S.C. § 2614 .................................................................................................... 20

15 U.S.C. §1601(a) ..................................................................................................8

15 U.S.C. §1640(e) ................................................................................................ 15

15 U.S.C. § 1635(f) ........................................................................................ 16, 17

15 U.S.C. §1635(b) ..................................................................................................8

15 U.S.C.A. § 1601 ............................................................................................... 15

15 United States Code § 1640(e) ........................................................................ 17

28  United States Code § 1408 .............................................................................3

28 U.S.C. § 2201 .................................................................................................. 14

28 United States Code § 157(b)(2) .......................................................................3

28 United States Code § 157 .................................................................................3

11 U.S.C. § 541(a) ..................................................................................................4

U.S.C. § 323(b) ......................................................................................................5

## FEDERAL RULES

Federal Rule of Bankruptcy Procedure Rule 7001 ............................................. 14

Federal Rules of Bankruptcy Procedure § 7012(b) .............................................3

## STATE RULES

Code of Civil Procedure § 761.020(b) ................................................................ 19

Civil Code § 2924 ................................................................................................ 10

Civil Code § 2924b(b)(4) ............................................................................. 12, 23

Civil Code § 2924(a)(1) ............................................................................... 11, 23

Civil Code § 2923.5 ............................................................................................. 23

## FEDERAL REGULATIONS

C.F.R. §226.23 .......................................................................................................9

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1

- vii -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

## MEMORANDUM OF POINTS AND AUTHORITIES

U.S. BANK NATIONAL ASSOCIATION AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO LA SALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR MORGAN STANLEY TRUST 2007-8XS ["U.S. BANK"] submits the following in support of its Motion to Dismiss Plaintiff's Complaint.

## 1.    INTRODUCTION AND STATEMENT OF FACTS.

TA KIM TO filed an action typical of the type filed by distressed homeowners with the promise of somehow preventing or reversing foreclosure. This Complaint fails to state a cause of action against Defendant U.S. BANK NATIONAL ASSOCIATION AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO LA SALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR MORGAN STANLEY TRUST 2007-8XS ["U.S. BANK"], or any party for that matter. This type of frivolous litigation, generated in part by radio and television advertisements, has become increasingly common.

Plaintiff contends that she is the owner of the property located at 10231 Kenmore Street, Anaheim, California. [Complaint, par. 5.] Plaintiff alleges that the Property was refinanced, as part of a marriage dissolution, in November 2006 by executing a Note with Reunion Mortgage, Inc. [Complaint, par. 6.] Plaintiff alleges that Reunion was the original servicer of the loan for purposes of RESPA. [*Id.*] Plaintiff further alleges that NDEx, Inc., who recorded the Notice of Default, was not authorized to do so and that US BANK, who purchased the Property at a trustee's sale, was improperly allowed to make a "credit bid." [Complaint, pars. 11, 12.] Plaintiff further contends that the Deed ot Trust was assigned by MERS to US BANK, despite that MERS was not authorized to conduct business in California. [Complaint, par. 13.] Thus, Plaintiff alleges that the assignment to US BANK was illegal. [*Id.*] Additionally, the Plaintiff alleges that the original Note was not

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

1    transferred with the Deed of Trust and it was not possessed by the party conducting

2    the nonjudicial foreclosure. [Complaint, pars. 14, 15.]  Plaintiff makes additional

3    allegations that the original Note secured by the Deed of Trust became unsecured

4    because it was allegedly separated from the original Note. [Complaint, par. 15.]

5    Specifically, the Plaintiff alleges that the "Chain of Mortgage assignment is broken

6    as US Bank was never the mortgagee of record under a Mortgage Assignment and

7    has absolutely no legal tie to the investors in the MBS." [Complaint, par. 31.]  Also

8    that "An assignment from MERS was a legal nullity.  MERS never had a (sic)

9    interest in this fraudulently conveyed mortgage and Note." [Complaint, par. 34.]

10    Documents recorded against the Property include: On December 6, 2006, an

11    Interspousal Trust Deed was recorded from Binh C. Nguyen to the Plaintiff.

12    [Request for Judicial Notice ("RJN"), Ex. "A".]  Also on December 6, 2006, a Deed

13    of Trust was recorded in the amount of $504,000 from the Lender, Reunion

14    Mortgage, Inc. [RJN, Ex. "B".]  On April 24, 2007, a second Deed of Trust was

15    recorded in the amount of $91,900 from the Lender, Bank of America, N.A. [RJN,

16    Ex. "C".]  On April 6, 2009, a Notice of Default was recorded. [RJN, Ex. "D".]  As

17    of April 2, 2009, Plaintiff was in default in the amount of $14,624.42. [RJN, Ex.

18    "D".]  On July 24, 2009, a Notice of Trustee Sale was recorded. [RJN, Ex. "E".]

19    The property sold on August 10, 2010, for $309,000, as evidenced by the Trustee's

20    Deed Upon Sale recorded on August 24, 2010.  [RJN, Ex. "F".]

21    Plaintiff's Complaint fails to state a claim for relief. First, the Plaintiff lacks

22    standing to prosecute the claims in the adversary proceeding.  Instead, those claims

23    belong to the bankruptcy estate and have not been abandoned by the bankruptcy

24    trustee. Second, Plaintiff has not and *cannot* make tender, which acts as a complete

25    bar to the causes of action in the Complaint.  Third, the August 10, 2010 trustee's

26    sale is presumptively valid.  Fourth, the Plaintiff's contention that the lender is

27    required to possess the original Note prior to conducting nonjudicial foreclosure is

28    false.  The failure of this contention dooms all of the Plaintiff's causes of action.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1                                    - 2 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

1   Additionally, a notice of default can be recorded by an agent of the beneficiary; it

2   does not need to be recorded by the beneficiary itself.  Finally, all of the Plaintiff's

3   causes of action are individually deficient as discussed further below.  For these

4   reasons, US BANK respectfully requests this Court sustain the within Motion to

5   Dismiss with prejudice.

6   **2.    JURISDICTION AND VENUE.**

7       This matter is a core proceeding under 28 United States Code section

8   157(b)(2).

9       This Court has jurisdiction over this adversary proceeding pursuant to 28

10  United States Code sections 157 and 1334.

11      Venue is proper in this Court pursuant to 28  United States Code sections

12  1408 and 1409.

13      The basis for the relief sought herein is Federal Rules of Civil Procedure,

14  Rule 12(b)(6), made applicable to this adversary proceeding pursuant to Federal

15  Rules of Bankruptcy Procedure section 7012(b).

16  **3.    US BANK'S MOTION TO DISMISS SHOULD BE GRANTED**
    **BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH**
17  **RELIEF CAN BE GRANTED.**

18      The Federal Rules of Civil Procedure are made applicable to this proceeding

19  pursuant to Federal Rules of Bankruptcy Procedure section 7012(b).  Federal Rules

20  of Civil Procedure, Rule 12(b) reads in relevant part:

21          Every defense, in law or fact, to a claim for relief in any
            pleading, whether a claim, counterclaim, cross-claim, or
22          third-party claim, shall be asserted in the responsive
            pleading thereto if one is required, except that the
23          following defenses may at the option of the pleader be
            made by motion. . .

24          (6) failure to state a claim upon which relief can be
            granted,. . .  A motion making any of these defenses shall
25          be made before pleading if a further pleading is permitted.

26      A complaint may be dismissed for any of the reasons stated in Rule 12(b) of

27  the Federal Rules of Civil Procedure.  [Federal Rules of Civil Procedure, Rule

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1                                    - 3 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

1   12(b)(6).] A Rule 12(b)(6) motion is similar to the common law general demurrer:

2   *i.e.*, it tests the legal sufficiency of the claims stated in the complaint.  The court

3   must decide whether the facts alleged, if true, would entitle plaintiff to some form

4   of legal remedy. [*Beliveau v. Caras,* 873 F. Supp. 1393, 1395 (C.D. Cal. 1995).]

5   Rule 12(b)(6) may be used to dismiss claims where the facts alleged do not give

6   rise to a legal remedy. [*Ballistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th

7   Cir. 1990).]  Additionally, a Rule 12(b)(6) motion can be used when the plaintiff

8   has included allegations in the complaint that, on their face, disclose an absolute

9   defense or bar to recovery. [*Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783

10  n.1 (9th Cir. 1997).]

11  **4.    PLAINTIFF LACKS STANDING TO PROSECUTE THE CLAIMS
        ASSERTED IN THE ADVERSARY PROCEEDING.**

12
13  Standing to bring suit is a necessary constitutional prerequisite to the

    commencement of an action. [*Simon v. Eastern Kentucky Welfare Rights Org.,* 426
14
    U.S. 26, 41 (1976).] If a plaintiff lacks standing, then there is no "case or
15
    controversy" to give the court jurisdiction under Article III of the Constitution.
16
    [*Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990).]  In this case, the Debtor, as a
17
    debtor under chapter 7 of Bankruptcy Code, lacks standing to prosecute this
18
    adversary proceeding.
19
    Upon the commencement of the Debtor's bankruptcy case, a bankruptcy
20
    estate was created that is a new and distinct entity from the Debtor. [11 U.S.C.
21
    § 541(a).]  The bankruptcy estate includes all legal and equitable interests of the
22
    Debtor in property as of the commencement of the case. [*Id.*] The scope of § 541 is
23
    broad and includes as property of the estate lawsuits or causes of actions that
24
    accrued to the Debtor prior to the Petition Date. [*See, e.g., In re Wischan*, 77 F.3d
25
    875 (5th Cir. 1996) (debtor's pre-petition causes of action were property of the
26
    estate); *In re Gavend*, 25 F.3d 1056 (10th Cir. 1994) (debtor's malpractice action is
27
    property of the estate); *Jones v. Harrell*, 858 F.2d 667 (11th Cir. 1988) (trustee in
28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1                    - 4 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

1   bankruptcy succeeds to all causes of action held by the debtor at the time the
2   bankruptcy petition is filed); *In re Bronner*, 135 B.R. 645 (1992) (B.A.P. 9th Cir.
3   1992) (debtor's bad-faith lawsuit became property of the estate at the time the
4   petition was filed).] Specifically, the Debtor's claims or causes of actions against
5   the defendants in this adversary proceeding constitute property of the bankruptcy
6   estate. [*See In re Smith*, 640 F.2d 888, 890 (7th Cir. 1981) (holding bankruptcy
7   estate includes causes of action such as "truth in lending claims"); *Rowland v.*
8   *Novus Financial Corp.*, 949 F.Supp. 1447 (D. Haw. 1996) ("courts have long held
9   that the definition of 'property' [in 11 U.S.C. § 541] extends to causes of action,
10  including TILA claims").]

11      Only the chapter 7 trustee, not the Debtor, is authorized to take action on
12  behalf of the estate. [*See* 11 U.S.C. § 704(a).] Under 11 U.S.C. § 323(b), it is only
13  the trustee that has the capacity to sue or be sued. [*See Guerpo v. Amresco*
14  *Residential Mortgage Corp.*, 13 Fed. Appx. 649, 650 (9th Cir. 2001) (unpublished)
15  ("only the bankruptcy trustee could bring the TILA action, and the district court did
16  not err in holding that [the debtor-plaintiff] lacked statutory standing to sue"); *see*
17  *also Cain v. Hyatt*, 101 B.R. 440, 442 (E.D. Pa. 1989) (holding that chapter 7
18  debtor "no longer has standing to pursue a cause of action" after appointment of a
19  chapter 7 trustee).]

20      In *Rowland v. Novus Financial Corp.*, the District Court set forth two
21  exceptions to the general rule that a debtor lacks standing to bring a cause of action
22  after appointment of a trustee. The Court wrote:

23              The plaintiff-debtor has no standing to bring the TILA
            claims unless he can show that the claims were (1)
24          exempt from the bankruptcy estate or (2) abandoned by
            the bankruptcy trustee. If neither apply, the claims belong
25          to the bankruptcy estate and in turn must be asserted by
            the bankruptcy trustee rather than the debtor.

26
27
28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1                                    - 5 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

1  [949 F.Supp. at 1453.]  In the instant case, neither exception applies.  The claims

2  asserted in the Complaint must be brought, if at all, by the chapter 7 trustee of the

3  Debtor's bankruptcy estate.

4  　　　　There can be no dispute that the claims are not exempt.  First, the Complaint

5  does not allege that the claims or causes of action are exempt from the bankruptcy

6  estate.  Second and more importantly, the Debtor's Bankruptcy Schedule C, which

7  lists all of the Debtor's claimed exemptions, makes no mention or reference to any

8  of the causes of action set forth in the Complaint.  The Court may take judicial

9  notice of Schedule C, which was prepared by the Debtor and acknowledged by the

10  Debtor to be "true and correct" under penalty of perjury, to find that the claims set

11  forth in the Complaint are not exempt from the Debtor's bankruptcy estate.  The

12  law is clear that "[i]f the cause of action is not exempt, then it remains with the

13  bankruptcy estate . . ."  [*Rowland*, 949 F.Supp. at 1453.]

14  　　　　Additionally, it is clear that the claims alleged in the Complaint have not

15  been abandoned by the chapter 7 trustee of the Debtor's estate.  Section 554(a) of

16  the Bankruptcy Code requires notice and a hearing before a chapter 7 trustee may

17  abandon property of a bankruptcy case.  In the Debtor's case, there has been no

18  such notice or hearing.  In fact, the Debtor's purported causes of action against the

19  defendants are completely omitted from the listing of assets in his Bankruptcy

20  Schedules.  On Schedule B, the Debtor indicated nothing on the line calling for a

21  listing of "Other contingent and unliquidated claims of every nature . . ."  [*See*

22  Schedule B, Line 21.]  The Debtor's failure to include these purported claims on his

23  Schedules means that even if the Debtor's bankruptcy case is closed, the causes of

24  action asserted in the Complaint will remain property of the estate.  [11 U.S.C.

25  §§ 554(c) and (d); *see In re Haralambous*, 257 B.R. 697 (Bankr. D. Conn. 2001).]

26  Because the purported claims have not been abandoned by the chapter 7 trustee, the

27  Debtor lacks standing and the Complaint must be dismissed.  [See *Rowland*, 949

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1                                   - 6 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

1    F.Supp. at 1454, *Bryson v. Bank of New York*, 584 F. Supp. 1306 (S.D.N.Y. 1984);

2    *Binnick v. Avco Financial Services*, 435 F. Supp. 359 (D. Neb. 1977).]

3    **5.    PLAINTIFF'S INABILITY TO TENDER IS A COMPLETE BAR TO HIS EACH CAUSE OF ACTION IN HIS COMPLAINT.**

Plaintiff fails to allege tender of amounts due under the loan. [Complaint, *passim*.] The Court may consider materials in a motion to dismiss that are not a part of the pleadings in this adversary proceeding but that are "matters of public record." [*See, Lee v. City of Los Angeles*, 250 F.3d 986, 987 (9th Cir. 2001).] In particular, the Court can take judicial notice of the contents of the Debtor's Schedules and Statement of Financial Affairs and other filings in the Debtor's chapter 7 bankruptcy case. [*See Rose v. Beverly Health and Rehabilitation Services*, Inc., 356 B.R. 18, 23 (E.D. Cal. 2006).]

In this case, the Debtor's bankruptcy filings show an absolute inability to tender. All of the Debtor's real estate is fully encumbered by liens and the Debtor possessed only $100 in cash and $1,540 in a checking account on the Petition Date. [*See*, Schedules A and B.] Additionally, the Debtor's net monthly income is $570.00. [*See*, Schedule J.]

An action challenging a trustee sale is an action in equity. [*Raedkle v. Gibralter Sav. & Loan Assn.*, 10 Cal.3d 665, 671 (1975).] A trustor seeking to challenge a trustee's sale must therefore do equity before the court will exercise its equitable powers. [*MCA, Inc. v. Universal Diversified Corp.*, 27 Cal.App.3d 170, 177 (1972).] Therefore, as a condition precedent to any action challenging a foreclosure, a plaintiff must pay or offer to pay the secured debt before an action is commenced. [*Whitman v. Transtate Title Co.*, 165 Cal.App.3d 312, 322-323 (1985).] Without an allegation of tender, a complaint challenging a foreclosure does not state a cause of action. [*Karlsen v. Gibralter Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117 (1974).]

1    In *Karlsen*, the trustor was in default of the loan agreement. The date of the

2    sale was continued on four occasions pursuant to the trustor's request. During this

3    period, trustor attempted to refinance his loan but was unable. The property was

4    sold at a trustee's sale. The property was alleged to have a value at the time of $1

5    million. The trustor did not allege that he had ever tendered the amount due under

6    the loan. The Court found that even if the sale was voidable, "a valid and viable

7    tender of payment of the indebtedness owing is essential to an action" to cancel the

8    sale. [*Karlsen*, 15 Cal.App.3d at 117.]

9    Plaintiff's failure to tender bars Plaintiff's Complaint, including any claim

10   for damages.

11   However, ***absent an effective and valid tender***, the sale
     became valid and proper. The hurdle which appellant has
12   not been able to clear either legally or financially is that
     they never made a valid tender. Appellant's cause of
13   action for an accounting and a constructive trust fails for
     the identical reason. It is a tautology to state that if the
14   sale was proper and valid, respondents came by the
     property lawfully. Such a sale puts a definitive end to
15   appellant's efforts to hold respondents accountable as
     constructive trustees or in any other fashion. (emphasis
16   original) [*Karlsen*, 15 Cal.App.3d at 121, *citing, Smith v.
     Allen*, 68 Cal.2d 93, 98 (1968).]

17   With any action challenging a foreclosure sale, a plaintiff must ***allege*** and

18   prove full tender of the full amount of the debt for which the property served as

19   security. [*Arnolds v. Management Corp. v. Eischen*, 158 Cal.App.3d 575, 579

20   (1984)] "This rule is premised upon the equitable maxim that a court of equity will

21   not order that a useless act be performed. [*Id.* at 578-579.]

22   The result is the same with respect to Plaintiff's TILA claims. 15 U.S.C.

23   section 1635(b) governs the return of money or property when a borrower, such as

24   Plaintiffs, seeks to invoke the right of rescission under TILA , 15 U.S.C. §1601(a)

25   *et seq.* It provides:

26   When an obligor exercises his right rescind under
     subsection (a) of this section he is not liable for any
27   finance or other charge, and any security interest given by
     the obligor, including any such interest arising by
28   operation of law, becomes void upon such a rescission.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1                            - 8 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

1

> Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction...Upon the performance of the creditor's obligation under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value.

Code of Federal Regulations 12. C.F.R. §226.23 [Regulation "Z"] implements and tracks Section 1635(b). After a series of court decisions finding that TILA need not be interpreted literally as requiring the creditor to remove its security interest prior to the borrower's tender of proceeds, TILA was amended to allow courts to modify the procedures described above. [Truth in Lending Simplification and Reform Act, Pub. L. No. 96-221, tit. VI, §612(a)(4); *Williams v. Homestake Mortgage Co.* 968 F.2d 1137, 1139-1140 (11th Cir. 1992); *Palmer v. Wilson,* 502 F. 2d 860, 862-863 (9th Cir. 1974)] Subsection (d)(4) of Regulation Z now states:

> (2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest
>
> (3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor...
>
> **(4) The procedures outlined in paragraphs (d)(2) and (3) of this section may be modified by Court order.**

As a result of the amendment, a trial judge has the discretion to condition rescission on tender by the borrower of the property they received from the lender. [*Ljepava v. M.L.S.C. Prpos. Inc.,* 511 F.2d 935, 944 (9th Cir. 1975).]

6. <u>**THE AUGUST 10, 2010 TRUSTEE'S SALE IS PRESUMED VALID**</u>

As a general rule of common law, there is presumption that a trustee's sale has been conducted regularly and fairly. [*Wolfe v. Lipsy*, 163 Call.App.3d 633, 639

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1                    - 9 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

1  (1985).]  To overcome this presumption, facts indicating the sale was invalidly

2  conducted must be pled and proved.  [*Hatch v. Collins*, 225 Cal.App.3d 1104, 1113

3  (1990).]  In addition to this common law presumption, a statutory presumption

4  arises from a recital in a trustee's deed that statutory requirements for notices of

5  default and sale have been satisfied. This presumption is prima facie evidence of

6  compliance.  [Civ. Code § 2924; *Taliaferro v. Crola*, 152 Cal.App.2d 448, 449

7  (1957).]  The fact that the Property sold at a trustee's sale on August 10, 2010,

8  coupled with the necessary recitals in the Trustee's Deed, establish a presumption

9  of validity.

10  **7.   A LENDER IS NOT OBLIGATED TO "POSSESS THE NOTE" PRIOR TO CONDUCTING A NON-JUDICIAL FORECLOSURE AND MERS IS AUTHORIZED TO CONDUCT NONJUDICIAL FORECLOSURE.**

11

12

13  Plaintiff's primary contention underlying the Complaint is the erroneous

14  contention that a lender somehow has an obligation to "possess the note" prior to

15  conducting a non-judicial foreclosure.  Plaintiff alleges the "deed of trust cannot be

16  transferred or assigned independently of the underlying obligations," and "transfer

17  of deed of trust without the note accompanying it is an improper transfer that

18  conveys no meaningful rights."  [Complaint, par. 14.]  Also, "the Note and

19  Mortgage were severed or bifurcated when the deed of trust was fraudulently

20  assigned by MERS as nominee."  [Complaint, par. 33.]

21  **A.   There Is No Requirement that a Lender "Possess the Note" Prior to Conducting a Non-Judicial Foreclosure.**

22  Possession of the original note is not a prerequisite to foreclosure.  [*See, e.g.,*

23  *Putkkuri v. ReconTrust Co.*, 2009 WL 32567, at *2 (S.D. Cal. 2009) ("Pursuant to

24  section 2924(a)(1) of the California Civil Code, the trustee of a Deed of Trust has

25  the right to initiate the foreclosure process . . . Production of the original note is not

26  required to proceed with a non-judicial foreclosure."); *San Diego Home Sols., Inc.*

27  *v. ReconTrust Co.*, 2008 WL 5209972, at *2 (S.D. Cal. 2008) ("California law does

28  not require that the original note be in the possession of the party initiating non-

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1

- 10 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

1    judicial foreclosure."); *Farner v. Countrywide Home Loans*, 2009 WL 189025, at

2    *2 (S.D. Cal. 2009) ("[T]here does not appear to be any requirement under

3    California law that the original note be produced in order to render the foreclosure

4    proceedings valid.").]

5            This mistaken idea about possession of the note is derived from Article 3 of

6    the Uniform Commercial Code ["UCC"], which governs negotiable instruments.

7    The UCC applies to the sale of goods and not transactions involving real property.

8    [*Aspen Enterprises, Inc. v. Bodge*, 37 Cal.App.4th 1811, 1818 (1995).]  The UCC

9    *does not* govern non-judicial foreclosure under deeds of trust.  The rules that *do*

10   govern non-judicial foreclosure of a deed of trust are set forth in the California

11   Civil Code at section 2924, *et seq.*  [*See, e.g., Moeller v. Lien*, 25 Cal. App. 4th 822,

12   834 (1994), ("The comprehensive statutory framework established to govern

13   nonjudicial foreclosure sales is intended to be exhaustive.") (citation omitted); *I.E.*

14   *Assocs. v. Safeco Title Ins. Co.*, 39 Cal. 3d 281, 285 (1985), ("The statutory

15   provisions regulating the nonjudicial foreclosure of deeds of trust are contained in

16   [Civil Code] sections 2924-2924i.  These provisions cover every aspect of exercise

17   of the power of sale contained in a deed of trust.").]  Whether or not the note is a

18   "negotiable instrument," possession of the Note, and the UCC, do not apply, and

19   "neither possession of the promissory note nor identification of the party in

20   possession is a prerequisite to non-judicial foreclosure." *Champlaie v. BAC Home*

21   *Loans Servicing*, 706 F.Supp.2d 1029, 1051 (E.D. Cal. 2009).

22           Sections 2924 through 2924l of the California Civil Code do not require that

23   the person initiating foreclosure have physical possession of the promissory note

24   which the deed of trust secures.  Instead, Civil Code section 2924(a)(1) provides

25   that "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" may

26   commence nonjudicial foreclosure process by recording and servicing a notice of

27   default.   Further, a Notice of Default may be recorded by "an agent for the

28   mortgagee or beneficiary, an agent of the named trustee, any person designated in

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1                                    - 11 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

1    an executed substitution of trust, or an agent of that substituted trustee." [Civ. Code
2    § 2924b(b)(4).]  As a lender is not required to possess or produce the original note
3    prior to conducting a nonjudicial foreclosure, and Plaintiff's Complaint is entirely
4    dependant upon this argument, Plaintiff's entire Complaint and each cause of action
5    must fail.

6    **B.    MERS is Authorized to Conduct Nonjudicial Foreclosure**

7         The overwhelming authority indicates that MERS has the power to conduct
8    nonjudicial foreclosure proceedings in California.  [*See, e.g., Davidson*, 2010 WL
9    962712, *6 (S.D. Cal. 2010) (citing *Pantoja v. Countrywide Home Loans, Inc.*
10   (N.D. Cal. 2009) 640 F.Supp.2d 1177, 1190; *Morgera v. Countrywide Home Loans,*
11   *Inc.* (E.D. Cal. Jan. 11, 2010) 2010 WL 160348, at *8); *see also, Pfannelstiel v.*
12   *MERS, Inc.* (E.D. Cal. Feb. 11, 2009) No. CIV-S-082609, 2009 WL 347716
13   (rejecting plaintiff's claim that MERS lacked authority to commence foreclosure
14   proceedings on plaintiff's property); *Smith v. Bank of New York, as Trustee*
15   (Bkrtcy. D. Colo. Apr. 30, 2007), No. 06-12289 HRT, 366 B.R. 149 (holding that
16   MERS, functioning as "nominee" for the lender and its assigns, had standing to
17   conduct foreclosure on behalf of the beneficiary).]  Furthermore, in this instance,
18   the Deed of Trust clearly identifies MERS as "nominee," "beneficiary," and notes
19   that a sale may change the entity servicing the loan. [*See*, RJN, Ex. "B".]  The clear
20   terms of the Deed of Trust give MERS the authority to assign the Deed of Trust.
21   Plaintiff alleges that MERS was ineligible to conduct business in California and
22   that any assignment by MERS "are void or ultra vires if made by a company, like
23   MERS, who was unable to do business in California." [Complaint, par. 13.]  The
24   Plaintiff ignores that MERS is exempt from registration with the California
25   Secretary of State and is thus entitled to pursue nonjudicial foreclosure.  Plaintiff's
26   contention was finally put to rest in *Perlas v. Mortgage Electronic Registration*
27   *Systems (MERS)* (N.D. Cal. 2010) 2010 WL 3079262, *6.  In *Perlas*, the Court, in
28   referencing *Carter v. Deutsch Bank National Trust Company, as Trustee* (N.D. Cal.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1

- 12 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

1   2010) 2010 WL 424477, stated "the question is ultimately immaterial...[e]ven

2   assuming MERS was required to register, the fact that it did not *does not void* the

3   actions it took." [*Perlas* at *6 (emphasis added).]  Further, "because MERS has

4   now registered with the California Secretary of State, any prior activity is

5   *retroactively validated.*" [*Id.* (emphasis added)]  MERS is legally entitled to act in

6   California and the basic allegation underlying Plaintiff's Complaint fails.  With it,

7   all of the causes of action similarly fail.

8   **8.    PLAINTIFF'S FIRST CAUSE OF ACTION FOR "DECLARATORY
        RELIEF TO DETERMINE AN INTEREST IN PROPERTY" AND**

9   **SECOND CAUSE OF ACTION FOR "DECLARATORY RELIEF TO
    DETERMINE STATUS OF US BANK CLAIM" MUST FAIL.**

10      Plaintiff alleges that "they hold an interest in the Property free and clear of

11  any interest in defendant, in that the Trustee Deed which wrongfully signed by

12  NDEx and recorded ... is null and void." [Complaint, par. 36.]  Also that, "the lien

13  evidenced by the Reunion Deed of Trust has no value since it is wholly unsecured,

14  that US Bank's claim through Trustee Deed is null and void. [Complaint, par. 42.]

15  **A.    Plaintiff Does Not Have Standing to Bring this Action as it Is Not
        Exempt and the Chapter 7 Trustee Has Not Abandoned the
        Claims.**

16

17      As discussed above, Plaintiff does not have standing to bring these claims as

18  the Complaint does not contain any allegation that the claims are exempt, and the

19  Chapter 7 Trustee has not abandoned the claims.

20

21  **B.    Plaintiff Has Not Alleged Tender of All Amounts Due Under the
        Loan.**

22      As discussed above, Plaintiff has not alleged tender of all amounts due under

23  the Note and Deed of Trust, and any cause of action challenging foreclosure must

24  fail.

25  **C.    Possession of the Note Is Not a Prerequisite to Conducting a
        Foreclosure.**

26      As discussed above, possession or production of the Note is not a

27  prerequisite to nonjudicial foreclosure.  Because that allegation forms the basis for

28  this cause of action, it must fail.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1                              - 13 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

**D.    Foreclosure Was Permitted Under the Deed of Trust.**

The beneficiary was entitled to conduct non-judicial foreclosure proceedings based on the express terms of the Deed of Trust. Paragraph 9 of the Deed of Trust, an agreement that was executed by Plaintiff, provides this right upon Plaintiff's lack of compliance with their obligations. [RJN, Ex. "B".]

**E.    Plaintiff Fails to Allege the Existence of an Actual Controversy.**

Plaintiff requests declaratory relief through the Complaint, but she fails to allege the existence of an actual controversy. Bankruptcy Courts may order declaratory relief through Federal Rule of Bankruptcy Procedure Rule 7001. However, "A bankruptcy court's discretion to issue declaratory judgments is subject to the constraints of the [Declaratory Judgment Act] and the court's jurisdictional limits. [*In re Kings Falls Power Corp.*, 185 B.R. 431 (Bankr.N.D.N.Y. 1995).] The Declaratory Judgments Act, 28 U.S.C. section 2201, provides that:

> In a case of ***actual controversy*** within its jurisdiction, . . . any court of the United States. . . ***may*** declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. (emphasis added.)

A court can refuse to issue a judicial declaration in a case in which a judicial determination or declaration is not necessary or proper. [Code Civ. Proc. § 1061.] Thus, an essential element of a cause of action for declaratory relief is that the parties have "rights or duties" with respect to property and the existence of an actual and present controversy must be pleaded specifically. [*Alturas v. Gloster*, 16 Cal.2d 46, 48 (1940).] As discussed in this Memorandum, Plaintiff's claims fail because of the lack of standing, lack of alleged tender, and reliance on the erroneous contention relating to possession or production of the Note.

Furthermore, the Property has already sold, and the declaratory relief requested is not possible. As such, Plaintiff fails to allege an actual controversy in the Complaint and declaratory relief is inappropriate.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1

- 14 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

9. **PLAINTIFF'S THIRD CAUSE OF ACTION FOR "TILA VIOLATION" MUST FAIL.**

Plaintiff alleges that "From the record, it appears that Deutsche Bank became the new owner or assignee on December 07, 2009" and that Plaintiff had not received notice from Deutsche Bank. [Complaint, pars. 50, 51.]

    A. **Plaintiff's Inability to Restore the Proceeds of the Loan Means the TILA Claim Fails**

In the Ninth Circuit, a claim for rescission can be dismissed for an inability to return the received monies even before the Court determines the merits of whether a right to rescind exists, where it is clear that a borrower is unable to enforce the rescission by returning the loan proceeds.  [*Yamamoto v. Bank of New York,* 329 F.3d 1167 (9th Cir. 2003)  see also *American Mortgage Network Inc. v. Shelton,* 486 F. 3d 815, 821  (4th Cir. 2007) (denial of rescission affirmed as proper in a case where borrowers showed no ability to tender the loan process, and borrowers had made no payments of principal or accrued interest on the loan for some time).]  As discussed above, Plaintiff has not and cannot restore the proceeds of the loan and any claim for rescission must fail.

B. **ANY CLAIM FOR RESCISSION IS TIME-BARRED[1]**

TILA addresses disclosures made at loan *origination*.  [15 U.S.C.A. § 1601 ("It is the purpose of the subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit

---

[1] Plaintiff also seeks damages under TILA.  First, a claim for damages would not support an effort to delay a trustee's sale.  Second, a one-year statute of limitation from the date of loan origination applies to Truth-in-Lending Act damages claims. [15 U.S.C. sect 1640(e).]  The Ninth Circuit stated the limitations period on TILA claim commences on the date of loan document execution.  [Meyer v. Ameriquest mortgage Co. (9th cir. 2003) (342 F.3d 899, 902]  Further equitable tolling is not applicable where, as here, Wells Fargo did nothing to prevent Plaintiff from discovering the alleged defects.  Equitable tolling requires a Plaintiff be "unable to obtain vital information regarding the existence of a claim despite *due diligence*."  [*Kay v. Wells Fargo & Co.* (N.D. Cal. 2007) 247 F.R.D. 572, 577 (emphasis added).]  "[W]here plaintiffs were not prevented from comparing their loan documents and disclosures with TILA, equitable tolling is not applicable."  [Feliciano v. Washington Mutual Bank, F.A. (E.D. Cal. August 31, 2009) 2009 WI 2390842, *4)  Plaintiff admits that he maintained his loan documents in his possession since 2004.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1

- 15 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

1 terms available to him and avoid the uninformed use of credit.")]

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor" [15 U.S.C. sect. 1635(f).]

The United States Supreme Court held this time limit for rescission is to be *strictly construed* and may not be revived even as a defense to foreclosure beyond the three year period: "We respect Congress' manifest intent by concluding that the Act permits no federal right to rescind, *defensively or otherwise,* after the 3 year period of sect. 1635(f) has run." [*Beach v. Ocwen Fed. Bank* (1998) 523 U.S. 410, 419.] The Deed of Trust was recorded on November 5, 2004. [RJN, Ex. "B"] Plaintiff did not file the within action until May 12, 2010. Any claim for rescission under TILA is time-barred.

"Equitable tolling does not apply to rescission under this provision of TILA." [*Taylor v. Money Store* (9th Cir. 2002) 2002 WL 1769962, 1.] Section 1635(f) "completely extinguishes the right of rescission at the end of the 3-year period, even if the lender has never made the required disclosures." [*Id. (citing Beach, supra,* 523 U.S. at 412-13, 419.[2]] "Congress placed a three year absolute limit on rescission actions, demonstrating its willingness to put a limit on the scope of some types of TILA actions." *King v. California,* 784 F.2d 910, 914 (9th Cir. 1986).

"At least in the rescission context," the Ninth Circuit stated, "Congress did not intend to prolong the limitations period under a 'continuing violation' theory." [*Gonzalez v. Alliance Bancorp* (N.D. Cal. 2010) 2010 WL 1575963, *3; *see also*

---

[2] "Congress placed a three year absolute limit on rescission actions, demonstrating its willingness to put a limit on the scope of some types of TILA actions." *King v. California,* 784 F.2d 910, 914 (9th Cir. 1986). "At least in the rescission context," the Ninth Circuit stated, "Congress did not intend to prolong the limitations period under a 'continuing violation' theory." [*Gonzalez v. Alliance Bancorp* (N.D. Cal. 2010) 2010 WL 1575963, *3; *see also Reynoso v. Paul Financial, LLC* (N.D. Cal. Nov. 16, 2009) 2009 WL 3833298, *4 (stating "expiration for the right of rescission cannot be tolled"); *Agbabiaka v. HSBC Bank USA Nat. Ass'n* 2010 WL 1609974, 6 (N.D. Cal.) (N.D.Cal.,2010) (finding any right to rescind expired in 2007 where Plaintiff executed loan documents in 2004).]

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1                                                          - 16 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

1    *Reynoso v. Paul Financial, LLC* (N.D. Cal. Nov. 16, 2009) 2009 WL 3833298, *4

2    (stating "expiration for the right of rescission cannot be tolled"); *Agbabiaka v.*

3    *HSBC Bank USA Nat. Ass'n* 2010 WL 1609974, 6 (N.D. Cal.) (N.D.Cal.,2010)

4    (finding any right to rescind expired in 2007 where Plaintiff executed loan

5    documents in 2004).][3]

6           Pursuant to 15 United States Code section 1640(e), applicable to claims for

7    damages under TILA, "[a]ny action under this section may be brought in any

8    United States district court, or in any other court of competent jurisdiction, within

9    one year from the date of the occurrence of the violation." Pursuant to 15 United

10   States Code sect. 1635(f), applicable to rescission claims under TILA, "An obligor's

11   right of rescission shall expire three years after the date of consummation of the

12   transaction or upon the sale of the property, whichever occurs first."

13          Plaintiff signed the Notes and Deeds of Trust for the Property in November

14   2006. [Complaint, par. 6.] Plaintiff filed the within action October 25, 2010.

15   Similarly, the Property sold at trustee's sale, which functions as a time bar.

16   Accordingly, any TILA claims are time-barred. Plaintiff in the Complaint alleges

17   that "Deutsche Bank" became a new creditor on December 7, 2009. However,

18   Deutsche Bank is not a named Defendant and no other allegations related to

19   December 2009 are made. The Plaintiff has made no allegations against any of the

20   named Defendants, or US BANK in particular, that would brinng the TILA claim

21   within the one year statute of limitations or otherwise preempt the trustee's sale.

22   ///

23   ///

24   ///

25

26   [3] Moreover, Plaintiff would not be able to establish equitable tolling even that
     doctrine were available for rescission under TILA. Plaintiff claims that "all of
     [his] loan documents" are maintained in a "secure location at [his] dwelling place."

27   [NAKHJAVANI Decl., pars. 2 and 3.] Accordingly, Plaintiff was not prevented
     by the Defendant's conduct from determining whether the Notices of Right to

28   Cancel and filing suit within the applicable period.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1                                   - 17 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

**10.    PLAINTIFF'S    FOURTH    CAUSE    OF    ACTION    FOR "CANCELLATION OF TRUSTEE DEED" MUST FAIL.**

Plaintiff states that the Trustee Deed "must be cancelled since it falsely notifies the world that Plaintiff no longer have an interest in the subject property." [Complaint, par. 53.]

**A.    Plaintiff Lacks Standing to Seek an Order Voiding the Deed of Trust Because She has Not Tendered All Amounts Due Under the Loan.**

"Plaintiffs seek to void and/or set aside the deed of trust or the foreclosure sale. However, these equitable claims require tender or offer to tender the amount due." [*Nguyen, supra,* 2009 WL 3297269, at *7 (*citing Karlsen v. American Sav. & Loan Assn.,* 15 Cal.App.3d 112 (1971).)] Plaintiff does not allege tender of all amounts due under the loan. [Complaint, *passim.*]

**B.    Plaintiff Fails to Allege Any Basis to Cancel the Deed of Trust.**

To state a cause of action for cancellation of instruments, the facts showing actual invalidity of an apparently valid instrument must be specifically pleaded. [*Hibernia Savings & Loan Soc. v. Ordway* (1869) 38 Cal. 679; *Wolfe v. Lipsy* (1985) 163 Cal.App.3d 633, 638.] "[T]he complaint must state facts, not mere conclusions, showing the apparent validity of the instrument designated, and point out the reason for assuring that it is actually invalid." [*Ephraim v. Metropolitan Trust co. of Calif.* (1946) 28 Cal.2d 824, 833.] The basis for rescission, either mistake, fraud or duress, must be pled with specificity. [*Stock v. Meek* (1950) 35 Cal.2d 809, 815; *Wood v. Metzenbaum* (1950) 107 Cal.App.2d 727, 730.] As discussed above, Plaintiff's claim that a lender must "possess the note" prior to conducting a non-judicial foreclosure legally fails. Additionally, the Notice of Default may be recorded by an agent of the beneficiary. Plaintiff fails to plead facts regarding any valid basis cancelling the Deed of Trust.

///

///

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1

- 18 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

## 11. **PLAINTIFF'S FIFTH CAUSE OF ACTION FOR "QUIET TITLE" MUST FAIL.**

Plaintiff alleges "Plaintiff is entitled to a decree of Quiet Title confirming her fee simple interest in the subject property as of the date on the deed prepared 12/06/2006." [Complaint, par. 60.]

### A. **Any Outstanding Debts Must be Paid Before an Action to Quiet Title is Commenced.**

To maintain a cause of action for quiet title, a plaintiff must pay any debts secured by the property before filing the action. The court in *Paek v. Plaza Mortgage*, 2009 WL 1668576, *4 (C.D. Cal. June 15, 2009) quoted *Aguilar v. Bocci* (1992) 39 Cal.App.3d 475, 477 in stating a plaintiff cannot "quiet title without discharging his debt. The cloud upon his title persists until the debt is paid." A "non-judicial foreclosure sale does not entitle plaintiffs to quiet title to the property without paying their debt." [*Paek*, 2009 WL 1668576 at *4 (citing *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117 (1971) (which provides "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.").)] "[A]mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee." [*Nool v. Homeq Servicing*, 2009 WL 2905745, *7 (E.D. Cal. 2009).] Plaintiff has not alleged tender of all amounts due under the note and Deed of Trust. [Complaint, *passim*.] As such, his quiet title claim must fail, whether or not the sale would otherwise be voidable.

### B. **Plaintiff Cannot State a Basis for Superior Title.**

Code of Civil Procedure section 761.020(b) requires a plaintiff allege "a basis of [the Plaintiff's] title." To state a quiet title cause of action, a plaintiff must facts establishing that he or she has superior title to the real property in dispute. [*Twain Harte Homeowners Ass'n v. Patterson* (1987) 193 Cal.App.3d 184, 188.] As discussed in this Motion to Dismiss, Plaintiff cannot state a basis for superior title.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1

- 19 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

C.    **Plaintiff Fails to Allege All Adverse Claims to the Property.**

In order to state a claim for quiet title, a plaintiff must allege "[t]he adverse claims to the title of the plaintiff against which a determination is sought." [Code Civ. Proc. § 761.020(c).]  Plaintiff fails to identify any adverse claims, or that no others exist. [Complaint, *passim.*]

12.    **PLAINTIFF'S SIXTH CLAIM FOR "RESPA VIOLATIONS" MUST FAIL.**

Plaintiff claims that "Defendants" violated the Real Estate Settlement Procedures Act ["RESPA"], 12 U.S.C. § 2601, *et seq.* because "US Bank was named as assignee of the deed of trust without acquiring any interest in the underlying obligation." [Complaint, par. 62.]  Plaintiff further alleges that "US Bank illegally became the servicer and transferred at lease (sic) some of these servicing obligations to NDEx" in violation of REPSA. [*Id.*]

A.    **Any RESPA Claims Are Barred by the Statute of Limitations**

A one year statute of limitation from the date of loan origination applies to RESPA claims applicable to finance charges.  [12 U.S.C. § 2614.]  The statute runs from the "date of the occurrence of the violation." [*Ibid.*]

> The "ill occurs, if at all, when the plaintiff pays for the [tainted] service, typically at the closing.  Plaintiffs could have therefore sued at that moment, and the standard [is] that the limitations period commences when the plaintiff has a complete and present cause of action [i.e., at loan closing.]" [*Edwards v. First Am. Corp.*, 517 F.Supp.2d 1199, 1204-1205 (C.D.Ca 2007).]

"Unlike TILA, RESPA does not provide for a rescission remedy." [*Abdollahi v. Washington Mutual, FA*, 2009 WL 1689656, *2, fn. 4 (N.D.Cal. 2009).]  According to the recorded Deed of Trust, Plaintiff obtained her loan on November 24, 2006.  [RJN, Ex. "B".]  Plaintiff filed her action on October 25, 2010, almost four years after loan origination.  Additionally, any violative conduct would have been alleged to have taken place on April 6, 2009, the date on which the Notice of

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1                                          - 20 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

1   Default was recorded.  That date would begin the one year statue of limitations,

2   which would have run prior to this action being filed on October 25, 2010.

3   **B.    Plaintiff Fails to Allege any Pecuniary Loss as a Result of the Alleged RESPA Violations.**

4   A Plaintiff must also allege that the breach resulted in actual damages.  [*See*

5   12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be

6   liable to the borrower...[for] any actual damages to the borrower as a result of the

7   failure."); *Cortez v. Keystone Bank* (a claimant under 12 U.S.C. § 2605 must allege

8   a pecuniary loss attributable to the alleged violation); *Hutchison v. Delaware Sav.*

9   *Bank FSB*, 410 F. Supp.2d 374, 383 (D.N.J. 2006).]  Plaintiff only generally claims

10  that she "suffered damages" but fails to identify actual injury resulting from any

11  unspecified RESPA violation.

12  
13  **C.    Plaintiff Fails to Allege "Simple, Concise and Clear" Allegations Stating a RESPA Claim.**

14  Pursuant to Federal Rules of Civil Procedure, Rule 8(d)(1), "Each allegation

15  must be simple, concise, and direct."  Rule 8(a)(2) requires a "showing that the

16  pleader is entitled to relief."  A complaint containing "labels and conclusions,"

17  and/or a "formulaic recitation of the elements of a cause of action" will not be

18  sufficient to overcome a motion to dismiss.  [*Bell Atlantic Corp. v. Twombly*, 550

19  U.S. 544, 127 S.Ct. 1955, 1965 (2007).]  Instead, the "[f]actual allegations must be

20  enough to raise a right to relief above the speculative level, on the assumption that

21  all the allegations in the complaint are true (even if doubtful in fact)."  [*Id.* at 1965.]

22  In order to plead a claim, a pleading must give "fair notice" of the claim

23  being asserted and the "grounds upon which it rests."  [*Id.  at 1964*; *Swierkiewicz v.*

24  *Sorema, N.A.,* 534 U.S. 506, 513 (2002).]  This requirement "serves to prevent

25  costly discovery on claims with no underlying factual or legal basis."  [*Migdal v.*

26  *Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 328 (4th Cir. 2001) ("[P]laintiffs

27  cannot simply promise the court that once they have completed discovery,

28  something will turn up.")]

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1                                    - 21 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

1    Plaintiff's RESPA allegation relies on misplaced allegations regarding US

2    BANK's rights as an assignee and NDEx's alleged need to "possess the note."

3    [Complaint, pars. 62, 63.]  As discussed throughout this Motion to Dismiss, those

4    claims fail.  As such, Plaintiff has failed to plead any conduct which would violate

5    the terms of RESPA.

6    **13.   PLAINTIFF'S SEVENTH CAUSE OF ACTION FOR "FDCPA" MUST FAIL AS TO US BANK.**

7    Plaintiff alleges a variety of acts as to NDEx which allegedly violate the

8    Federal Debt Collection Practices Act.  None of these violations are alleged as to

9    US BANK.

10

11   **14.   PLAINTIFF'S EIGHTH CAUSE OF ACTION FOR "WRONGFUL TRUSTEE SALE" MUST FAIL.**

12   Plaintiff alleges "NDEx wrongfully permitted US Bank to make a credit bid

13   at the trustee sale, despite the fact that this bidder was not the owner of the note or

14   deed of trust which formed the basis for the trustee sale." [Complaint, par. 72.]

15       **A.    Plaintiff Fails to Identify any Procedural Irregularity.**

16   The rules that govern non-judicial foreclosure of a deed of trust are set forth

17   in the California Civil Code at section 2924, *et seq.* [*See, e.g., Moeller v. Lien*, 25

18   Cal. App. 4th 822, 834 (1994) ("The comprehensive statutory framework

19   established to govern nonjudicial foreclosure sales is intended to be exhaustive.")

20   (citation omitted); *I.E. Assocs. v. Safeco Title Ins. Co.*, 39 Cal. 3d 281, 285 (1985)

21   ("The statutory provisions regulating the nonjudicial foreclosure of deeds of trust

22   are contained in [Civil Code] sections 2924-2924i.  These provisions cover every

23   aspect of exercise of the power of sale contained in a deed of trust.").]   The Court

24   in *Khoury v. Maly's of California*, 14 Cal.App.4[th] 612, 619 (1993) held:

25           Demurrer was properly sustained as to this cause of action because the
             second amended complaint *identifies no particular section* of the
26           statutory scheme which was violated and fails to describe with
             *reasonable particularity* the facts supporting the statutory elements of
27           the violation. (emphasis added.)

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1                    - 22 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

1  Plaintiff fails to allege facts indicating any violation of Civil Code sections 2923.5,

2  2032.5 or 2924, or other statute for that matter.

3  Additionally, Plaintiff pleads no facts to indicate that a credit bid was made

4  at the trustee's sale. As indicated by the Trustee's Deed Upon Sale, the amount of

5  unpaid debt with costs was $556, 317.04. [RJN, Ex. "F".] The amount paid for the

6  Property at the sale was $309,000.00. [RJN, Ex. "F".] Thus, no full credit bid was

7  made on the Property, as the full amount of the debt owed was not paid as the

8  winning bid. Thus, there is no facial evidence of a credit bid and no allegation of

9  any fact showing otherwise in the Complaint.

10  Further, whether or not a credit bid was allowed, such would have been at the

11  discretion of the Lender and Plaintiff alleges no legal basis for why such a bid

12  would invalidate a nonjudicial foreclosure sale under section 2924 or any other

13  relevant controlling statute.

14  **B.    A Notice of Default May Be Recorded by an Agent of the Beneficiary.**

15
16  Civil Code section 2924(a)(1) provides that "[t]he trustee, mortgagee, or

17  beneficiary, or any of their authorized agents" may commence the non-judicial

18  foreclosure process by recording and servicing a notice of default. Further, a

19  Notice of Default may be recorded by "an agent for the mortgagee or beneficiary,

20  an agent of the named trustee, any person designated in an executed substitution of

21  trust, or an agent of that substituted trustee." [Civ. Code § 2924b(b)(4).] Plaintiff's

22  allegations do not evidence any procedural irregularity.

23  **C.    Plaintiff Fails to Identify any Prejudice Resulting from any Procedural Irregularity.**

24  To challenge a trustee's sale based on any claimed irregularity in the

25  foreclosure process, a plaintiff must plead and prove substantial prejudice resulting

26  from the alleged defect. [*Melendrez v. D&I Investment, Inc.*, 127 Cal.App.4th 1238,

27  1257 (2005).] In *Knapp v. Doherty*, 123 Cal.App.4th 76 (2004), the court held that

28  premature service of the notice of sale did not invalidate the trustee's sale. The

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1                                    - 23 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

1    court agreed that while the notice of sale was premature, it resulted in no prejudice

2    to borrowers which would justify invalidating the sale. [*Knapp*, 123 Cal.App.4[th] at

3    96-97; *see also, 6 Angels, Inc. v. Stuart-Wright Mortgage, Inc.*, 85 Cal.App.4[th]

4    1279, 1284 (2001) ("A successful challenge to the sale requires evidence of failure

5    to comply with the procedural requirements for the foreclosure sale *that caused*

6    *prejudice* to the person attacking the sale.") (emphasis added.)]

7        In *Lehner v. United* States (9th Cir. 1982) 685 F.2d 1187, the Ninth Circuit

8    rejected the borrower's claim that the notice of sale was sent to the wrong address.

9    In holding that the borrower was not prejudiced by this irregularity, the Court

10   reasoned:

11              [T]he record reveals clearly that she [the borrower] knew the
             foreclosure sale was imminent.  Her repeated efforts to delay the
12           impending sale attest to her knowledge. . . . She makes no suggestion
             that the written notice would have supplied information not already
13           known to her. . . We refuse to elevate form over substance. [*Id.* at
             1190-1191.]

14       Plaintiff does not dispute that she was not current on mortgage payments at

15   the time of the sale.  She pleads no facts indicating she was, in any way, prejudiced

16   by any alleged irregularity in the foreclosure sale process.  Whether or not an

17   improper credit bid was allowed, Plaintiff's rights to the Property, which she had

18   forefeited due to her default, were not otherwise effected.

19       **D.    US BANK Did Not Occupy a Fiduciary Relationship with Plaintiff.**

20       Plaintiff claims that "US Bank and NDEx breached its obligations to conduct

21   a fair trustee sale." [Complaint, par. 73.]  No authority for the existence of such

22   duty is offered.    Instead, as discussed above, the Plaintiff cannot plead any

23   procedural irregularity with the trustee sale or violation of section 2924.  Further,

24   courts have consistently held that no fiduciary relationship exists between a lending

25   institution and its borrower. [*Kim v. Sumitomo Bank,* 17 Cal.App.4th 974, 979

26   (1993); *Peterson Development Co. v. Torrey Pines Bank,* 233 Cal.App.3d 103, 119

27   (1991); *Copesky v. Sup. Ct.,* 229 Cal.App.3d 678, 690 (1991); *Price v. Wells Fargo*

28

Kutak Rock LLP
Attorneys At Law
Irvine

4846-3237-1208.1                                        - 24 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

1  *Bank,* 213 Cal.App.3d 465, 477 (1989).] Plaintiff cannot identify any duty owed to

2  her by US Bank which was violated by the conduct of the trustee's sale.

3  **15.    CONCLUSION.**

4      U.S. BANK respectfully requests this Court grant the Motion to Dismiss

5  without leave to amend.

6

7  Dated:    November 29, 2010        KUTAK ROCK LLP

8                                     By: ~~~~~~~~~~~~~~~~~~~~~~~~~

9                                         Jeffrey S. Gerardo
                                          Steven M. Dailey
10                                        Attorneys for Defendant
                                          U.S. BANK NATIONAL
11                                        ASSOCIATION AS SUCCESSOR
                                          TRUSTEE TO BANK OF AMERICA,
12                                        NATIONAL ASSOCIATION,
                                          SUCCESSOR BY MERGER TO LA
13                                        SALLE BANK NATIONAL
                                          ASSOCIATION AS TRUSTEE FOR
14                                        MORGAN STANLEY TRUST 2007-
                                          8XS
15

16

17

18

19

20

21

22

23

24

25

26

27

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4846-3237-1208.1

- 25 -

MOTION TO DISMISS PLAINTIFF'S
COMPLAINT 8:10-BK-22705-TA 8:09-BK-
24404-TA

# PROOF OF SERVICE

## TA KIM TO V. U.S. BANK NATIONAL ASSOCIATION, ET AL
## USBC-CENTRAL-SANTA ANA DIVISION CASE NO. 8:10-BK22705-TA
## (ADVERSARY CASE NO. 8:10-AP-01502-TA)

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the City of Irvine in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is Suite 1100, 18201 Von Karman Avenue, Irvine, California 92612-1077.

    On November 29, 2010, I served on all interested parties as identified on the below mailing list the following document(s) described as:

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[ X ] **(BY MAIL, 1013a, 2015.5 C.C.P.)** I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this(these) document(s) will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

## SERVICE LIST

| | |
|---|---|
| Gary Harre, Esq.<br>LAW OFFICES OF GARY HARRE & ASSOCIATES<br>1940 W. Orangewood Ave., Suite 110<br>Orange, CA 92868 | Attorney for Plaintiff **TA KIM TO**<br><br>Phone: (714) 634-3842<br>Fax: |

    ☒  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

Executed on November 29, 2010, at Irvine, California.

*Elizabeth May*
Elizabeth May

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4811-7226-8296.1
14617-413

SERVICE LIST