Main Document   Page 1 of 7

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | Jeffrey S. Gerardo #146508<br>Steven M. Dailey #163857<br>KUTAK ROCK LLP<br>Suite 1100<br>18201 Von Karman Avenue<br>Irvine, CA 92612-1077<br>Telephone: (949) 417-0999<br>Facsimile: (949) 417-5394 |

FILED
NOV 29 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

Attorneys for Defendant U.S. BANK NATIONAL ASSOCIATION AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO LA SALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR MORGAN STANLEY TRUST 2007-8XS

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>TA KIM TO,<br><br>     Debtor. | Case No. 8:10-bk-22705-TA<br>Adversary Case No.: 8:10-ap-01502-TA<br><br>Assigned to: Hon. Theodor C. Albert<br>Courtroom: 5B |
| TA KIM TO,<br><br>     Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR MORGAN STANLEY TRUST 2007-8XS; NDEx WEST, LLC; and all persons claiming by, through, or under such persons, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint averse to Plaintiff's title thereto; and DOES 1-100, inclusive,<br><br>     Defendants. | **NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Filed and Served Concurrently with:<br><br>1. Motion to Dismiss<br>2. Request for Judicial Notice<br><br>Date:     February 3, 2011<br>Time:    11:00 a.m.<br>Ctrm.:    5B |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4834-2506-7016.1                                                                    MOTION TO STRIKE

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that that on February 3, 2011, at 11:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 5B, of the above-entitled court, located at 411 West Fourth Street, Santa Ana, California, Defendant U.S. BANK NATIONAL ASSOCIATION AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO LA SALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR MORGAN STANLEY TRUST 2007-8XS ["U.S. BANK"] will and hereby does move this Court for an order striking the below, causes of action pleaded beyond the leave to amend provided, and all references to requests for attorneys' fees from Plaintiff's Complaint pursuant to Rule 12(f) of the Federal Rule of Civil Procedure.

## ALLEGATIONS REGARDING ATTORNEYS' FEES

This request is based on Plaintiff's failure to allege a valid contractual or statutory provision entitling him to such recovery.

1. The words "for attorney fees and costs of suit incurred herein," appearing at page 8, paragraph 4 of the Prayer as to the First Claim for Relief.

2. The words "for attorney fees and costs of suit incurred herein," appearing at page 9, paragraph 8 of the Prayer as to the Second Claim for Relief.

3. The words "for attorney fees and costs of suit incurred herein," appearing at page 9, paragraph 2 of the Prayer as to the Third Claim for Relief.

///
///
///
///
///
///
///

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4834-2506-7016.1               - 2 -               MOTION TO STRIKE

1   4.   The words "for reasonable attorney fees and costs of suit incurred
2   herein as provided by FDCPA and RESPA," appearing at page 13, paragraph 10 of
3   the Prayer.

Dated:   November 29, 2010           KUTAK ROCK LLP

By: _____
Jeffrey S. Gerardo
Steven M. Dailey
Attorneys for Defendant
U.S. BANK NATIONAL
ASSOCIATION AS SUCCESSOR
TRUSTEE TO BANK OF AMERICA,
NATIONAL ASSOCIATION,
SUCCESSOR BY MERGER TO LA
SALLE BANK NATIONAL
ASSOCIATION AS TRUSTEE FOR
MORGAN STANLEY TRUST 2007-
8XS

## MEMORANDUM OF POINTS AND AUTHORITIES

U.S. BANK NATIONAL ASSOCIATION AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO LA SALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR MORGAN STANLEY TRUST 2007-8XS ["U.S. BANK"] submits the following Memorandum of Points and Authorities in support of its Motion to Strike Portions of Plaintiff's Complaint.

### 1. INTRODUCTION AND STATEMENT OF FACTS.

The facts are stated more thoroughly in the attendant motion to dismiss. Briefly, however, Plaintiff filed an adversary complaint challenging foreclosure. Plaintiff cannot tender all amounts owed under the loan, the claims have not been abandoned by the trustee and Plaintiff fails to state a cause of action under any of the various theories offered.

Plaintiff cannot recover attorneys' fees absent a statutory basis or basis in contract; the bases alleged all fail because the underlying claims are time barred or otherwise fail. US BANK respectfully request this Court order Plaintiffs' references to attorneys' fees be stricken from the Complaint.

### 2. THIS COURT IS AUTHORIZED TO STRIKE "ANY REDUNDANT, IMMATERIAL, IMPERTINENT, OR SCANDALOUS" MATTERS.

Rule 12(f) of the Federal Rules of Civil Procedure empowers a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." [*LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992)] "[T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." [*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1993)]

1 | An "immaterial" matter "has no essential or important relationship to the claim for relief." [*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).] An "impertinent" matter "consists of statements that do not pertain, and are unnecessary, to the issues in question." [*Id.* at 1527.] "[A] motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." [*Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479, n. 34 (C.D. Cal. 1996).]

### 3. PLAINTIFF'S CLAIM FOR ATTORNEYS' FEES SHOULD BE STRICKEN.

"In an action involving state law claims, [federal courts] apply the law of the forum state to determine whether a party is entitled to attorneys' fees." [*MRO Communs., Inc. v. AT&T Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999).] A plaintiff cannot recover attorneys' fees in the absence of either a contractual or statutory provision authorizing their recovery. [Code Civ. Proc. § 2021.] Plaintiff cannot recover attorneys' fees absent a statutory basis or basis in contract; even if any of Plaintiff's claims permit an award of fees, the basis alleged fails because the underlying claims are time barred or fail to state a claim. Accordingly, US BANK respectfully requests that Plaintiff's request for attorneys' fees be stricken from the Complaint.

///
///
///
///
///
///
///
///

**4.  CONCLUSION.**

Accordingly, U.S. BANK respectfully request this Court order that Plaintiff's references to attorneys' fees be stricken from Plaintiff's Complaint, and that Plaintiffs alleged causes of action outside of the scope of leave to amend are also stricken.

Dated:   November 29, 2010         KUTAK ROCK LLP

By: _____
Jeffrey S. Gerardo
Steven M. Dailey
Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO LA SALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR MORGAN STANLEY TRUST 2007-8XS

# PROOF OF SERVICE
## TA KIM TO V. U.S. BANK NATIONAL ASSOCIATION, ET AL
## USBC-CENTRAL-SANTA ANA DIVISION CASE NO. 8:10-BK22705-TA
## (ADVERSARY CASE NO. 8:10-AP-01502-TA

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Irvine in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is Suite 1100, 18201 Von Karman Avenue, Irvine, California 92612-1077.

On November 29, 2010, I served on all interested parties as identified on the below mailing list the following document(s) described as:

**NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[ X ]  **(BY MAIL, 1013a, 2015.5 C.C.P.)** I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this(these) document(s) will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

## SERVICE LIST

| | |
|---|---|
| Gary Harre, Esq.<br>LAW OFFICES OF GARY HARRE & ASSOCIATES<br>1940 W. Orangewood Ave., Suite 110<br>Orange, CA 92868 | Attorney for Plaintiff **TA KIM TO**<br><br>Phone: (714) 634-3842<br>Fax: |

[X]  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

Executed on November 29, 2010, at Irvine, California.

_Elizabeth May_
Elizabeth May

4811-7226-8296.1
14617-413

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

SERVICE LIST