1  GARY HARRE, ESQ. (BAR NO. 86938)
   Global Capital Law, P.C.
2  17111 Beach Blvd, Ste 100
   Huntington Beach, CA 92647
3  Telephone: (714) 907-4182
   Email: ghcmecf@gmail.com
4
   Attorney for Debtor
5  TA KIM TO

6

7              UNITED STATES BANKRUPTCY COURT
               CENTRAL DISTRICT OF CALIFORNIA
8

9

10 In re                           )  Case No.  8:09-bk-22705-TA
                                    )
11        TA KIM TO                 )  ADV. NO. 8:10-ap-01502-TA
                                    )
12 _____      )  CHAPTER 13
                                    )
13 TA KIM TO, an Individual         )
                                    )
14              Plaintiff,          )  PLAINTIFF'S RESPONSE TO U.S.
                                    )  BANK NATIONAL ASSOCIATION
15 -vs.-                            )  MOTION TO DISMISS.
                                    )
16 U.S. BANK NATIONAL ASSOCIATION,  )  Hearing Date:
   AS SUCCESSOR TRUSTEE TO BANK     )
17 OF AMERICA, NATIONAL             )  Date:  February 3, 2011
   ASSOCIATION, (SUCCESSOR BY       )  Time:  11:00 a.m.
18 MERGER TO LASALLE BANK           )  Ctrm:  5B
   NATIONAL ASSOCIATION) AS         )
19 TRUSTEE FOR MORGAN STANLEY       )
   TRUST 2007-8XS; NDEx WEST, LLC;  )
20 and all persons claiming by, through, )
   or under such person, all persons )
21 unknown, claiming any legal or   )
   equitable right, title, estate, lien, or )
22 interest in the property described in the)
   complaint adverse to Plaintiff's title )
23 thereto; and DOES 1-100, Inclusive; )
                                    )
24              Defendant.          )
                                    )
25 _____
   //
26
   //
27
   //
28
   //

1

2

3

# TABLE OF CONTENTS

4

I.      PRELIMINARY STATEMENT ................................................................................4

II.     MEMORANDUM OF POINTS AND AUTHORITIES............................................5

    A.    INTRODUCTION.................................................................................5

    B.    STANDARD FOR FED. R. CIV. P 12(B)(6) MOTION TO DISMISS. ...................5

    C.    FACTS ALLEGED IN PLAINTIFF'S COMPLAINT AND JUDICIAL
       NOTICE DOCUMENTS. ........................................................................6

    D.    DEFENDANT NDEX WAS NOT PROPERLY SUBSTITUTED AND DID
       NOT HAVE POWER OF SALE UNDER TRUST DEED. ........................7

    E.    MERS IS NOT A BENEFICIARY AND HAS NO AUTHORITY TO
       ASSIGN INTERESTS TO US BANK .............................................................8

    F.    MERS' ASSIGNMENT OF MORTGAGE TO US BANK AS TRUSTEE
       FOR MORGAN STANLEY TRUST 2007-8XS IS IMPOSSIBILITY
       BECAUSE IT VIOLATED TRUST AGREEMENT. ................................14

    G.    PLAINTIFF HAS THE RIGHT TO SEEK A DECLARATION AS TO THE
       FORECLOSURE CONTROVERSY. ..............................................16

    H.    PLAINTIFFS HAVE PROPERLY PLED CAUSES OF ACTION FOR
       INJUNCTIVE AND DECLARATORY RELIEF.......................................17

       1.    Plaintiffs have properly pled a cause of action for Injunctive Relief...........17

       2.    Plaintiff has properly pled a cause of action for Declaratory
          Judgment. .......................................................................19

       3.    Defendants' "Lack of Standing" Argument as to this Court........................19

III.    CONCLUSION .......................................................................................20

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GARY HARRE, ESQ. (BAR NO. 86938)
GLOBAL CAPITAL LAW, P.C.
17111 BEACH BLVD., STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 634-3842

1

2

GARY HARRE, ESQ., (BAR NO. 86938)
GLOBAL CAPITAL LAW, P.C.
17111 BEACH BLVD., STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 634-3842

**Cases**

Alliance for Wild Rockies v. Cottrell, 2010 WL 2926463, *3 (9th Cir.) ..................... 17

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) .......................................................... 5

Bank of America, N.A. v. La Jolla Group II (2005) 129 Cal.App.4th 706, 713
    [28 Cal. Rptr. 3d 825] ........................................................................................... 7

Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W.3d 619, 623 (Mo.App.
    2009) ....................................................................................................................... 11

Bellistri v. Ocwen, 284 S.W. 3d 619 (Mo.App.E.D. 2009) ........................................ 12

Black v. Adrian, 80 S.W.3d 909, 914-915 (Mo.App.S.D.2002) ................................ 12

Dimock v. Emerald Properties (2000) 81 Cal.App.4th 868, 876 [97 Cal.
    Rptr. 2d 255] ........................................................................................................... 7

Hoyt St. Props., L.L.C. v. Burnlington N. & Santa Fe. Ry. Co., 38 F. Supp.
    2d 1185, 1190 (D. Or. 1999) ................................................................................... 19

In re Joshua and Stephanie Mitchell, Case No. BK-S-07-16226-LBR
    (Decision of August 19, 2008) ............................................................................... 10

In Re Rickie Walker, Case No. 10-21656 ................................................................... 13

Landmark Nat. Bank v. Kesler, 216 P.3d `58, 164 (Kan. 2009) ................................ 8

Landmark National Bank v. Kessler, 216 P.3d 158, 289 Kan. 528 (Kan.
    2009) ....................................................................................................................... 11

Md. Cas. Co. v. Pac. Coal & Oil Co. 312 U.S. 270, 273 (1941) ................................ 19

Merscorp, Inc. v. Romaine, 861 N.E.2d 81, 86 (N.Y. 2006) ..................................... 9

Montgomery v. Bank of America (1948) 85 Cal.App.2d 559 ..................................... 7

Mortgage Electronic Registration Systems, Inc.  v. Johnston, Docket No.
    420-6-09-Rdcv   (2009) ........................................................................................... 9

Mortgage Electronic Registration Systems, Inc. v. Nebraska Dept. of
    Banking & Finance, 704 N.W.2d 784, 785 (Neb. 2005) ....................................... 8

Mortgage Electronic Registration Systems, Inc. v. Southwest Homes of
    Arkansas, Inc., 2009 WL 723182 (Ark. 2009) ...................................................... 11

Saxon Mortgage Services v. Hillery, 2008 WL 5170180 (N.D.Cal. 2008) ................ 11

Trout v. Taylor, 220 Cal. 652, 656 [32 P.2d 968] ..................................................... 7

Vournas v. Fidelity Nat. Tit. Ins. Co. (1999) 73 Cal.App.4th 668, 677 ..................... 7

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S RESPONSE TO U.S. BANK NATIONAL ASSOCIATION MOTION TO DISMISS.

GARY HARRE, ESQ., (BAR NO. 86938)
Global Capital Law, P.C.
17111 Beach Blvd. Ste 100
Huntington Beach, CA 92647
Telephone: (714) 634-3842

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

Plaintiff TA KIM TO ("TA"), by and through her attorney of record, opposes the Motion to Dismiss the Adversary Complaint by U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, (SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION) AS TRUSTEE FOR MORGAN STANLEY TRUST 2007-8XS ("US BANK") for the reasons that follow:

## I.    PRELIMINARY STATEMENT

Defendant US Bank incorrectly asserts that only Chapter 7 Trustee has standing in this adversary proceeding.   This is a Chapter 13 proceeding; NOT Chapter 7.

Plaintiff's requests for injunctive and declaratory relief are based on issue of whether Defendant US Bank, who was not the original lender and who have failed to demonstrate any interest in either the Note or the Deed of Trust, have legal right to seek the remedy of foreclosure and thereafter made credit bid. Plaintiff respectfully submits that US Bank does not have such legal right.  As an example, Plaintiff completely denied Defendant US Bank's status as Reunion Mortgage Inc's ("Reunion") assignee for purposes of foreclosure.

Plaintiff further disputes the allegation that MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") is the "Beneficiary" of the Deed of Trust.  Numerous courts throughout the United States have spoken repeatedly and consistently as to the alleged position of MERS and have consistently struck down MERS' purported "position" as self-nominated "beneficiary", relegating MERS to nothing more to what it really is: an entity which tracks and records the sale of mortgage instruments, and repeatedly holding that it is not the "beneficiary" of anything despite the boilerplate language in Deeds of Trust.

GARY HARRE, ESQ., (BAR NO. 86938)
GLOBAL CAPITAL LAW, P.C.
17111 BEACH BLVD., STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 634-3842

California has also repeatedly addressed the issues presented by the Plaintiff's Complaint head-on.

## II.    MEMORANDUM OF POINTS AND AUTHORITIES

### A.    INTRODUCTION

Defendant miss (or ignore) the entire issue of this action.  The issue is not whether the Plaintiff is in default, or whether the trustee's sale is irregular; the issue is whether the Defendant, who is not the original lender and who has failed to demonstrate any interest in either the Note or the Deed of Trust, has the legal right to seek the remedy of foreclosure. As Plaintiff demands for evidence as to such rights has been consistently ignored by Defendant, Plaintiff has the legal right to seek a declaration from this Court as to whether the Defendant is permitted to seek foreclosure, and for injunctive relief precluding any foreclosure in the absence of such legal rights being demonstrated by competent evidence.

Defendant bases their ability to foreclose the Trust Deed exclusively on the alleged authority of Defendant MERS.  What the Defendant is attempting to do is to equate a purported grant of authority to MERS under the Deed of Trust alone to purported authority to transfer the Note as well where there is absolutely no language in the Note transferring the Note to MERS; no assignment from the original lender transferring the Note to MERS; and where MERS cannot, as a matter of law, be either the "beneficiary" under the Deed of Trust or undertake any action to further a foreclosure.

### B.    STANDARD FOR FED. R. CIV. P 12(B)(6) MOTION TO DISMISS.

In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), the Court stated that "Fed. R. Civ. P 8(a)(2) states that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required." [Citing ], but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is

GARY HARRE, ESQ., (BAR NO. 86938)
GLOBAL CAPITAL LAW, P.C.
17111 BEACH BLVD., STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 634-3842

plausible on its face." *Id.*, at 570, 127 S. Ct. 1955, 167 L. Ed 2d 929. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*,at 556,  127 S. Ct. 1955, 167 L. Ed 2d.  Plaintiff has satisfied the requisite pleading standard herein.

### C.  FACTS ALLEGED IN PLAINTIFF'S COMPLAINT AND JUDICIAL NOTICE DOCUMENTS.

On or about November 2006, Plaintiff executed a Note and Deed of Trust in favor of original lender, non-party REUNION.  The original Promissory Note attached to Plaintiff's Request for Judicial Notice does not reference MERS as a beneficiary or otherwise names MERS.  The Trust Deed, attached to Defendant NDEx Request for Judicial Notice as Exhibit 1, lists MERS as "grantee" of the security instrument, and also "solely as nominee for Lender and Lender's successors and assigns" and finally, as "beneficiary."

The Assignment of Deed of Trust, attached to Defendant NDEx Request for Judicial Notice as Exhibit 2, indicated that on May 12, 2009, (with recording date shown of May 18, 2009), MERS, "*FOR VALUE RECEIVED*", "as nominee for Reunion Mortgage Inc." "grants, assigns and transfer to" US Bank "all beneficial interest under that certain Deed of Trust" executed by Plaintiff in 2006.

On May 1, 2009 (with recording date shown of May 21, 2009), China Brown[1] who was a VP of Loan Doc for Wells Fargo Bank NA as attorney in fact for US Bank, "who is the present beneficiary" appoints Defendant NDEx as successor trustee.  The problem with this appointment is that US Bank, based on records submitted by Defendants, was not a beneficiary on May 1, 2009. Therefore, NDEx could NOT be substituted as trustee with power of sale under

---

[1] China Brown's employment as VP with Wells Fargo in Substitution of Trustee on May 1, 2009 then again referenced *supra* as Loan Supervisor for America's Servicing Company on July 1, 2009 is at question.  However, clear inference of forgery and fraud can be made here until confirm by discovery.

the Trust Deed.   The Substitution of trustee is attached to Defendant NDEx Request for Judicial Notice as Exhibit 3.

On or about August 2009, Plaintiff received a "Notice of Trustee's Sale" ("NOS") from Defendant NDEx, even though it did not have power of sale under the Deed of Trust.  Attached to the NOS is a California Declaration signed by the same person, China Brown.  This time, China Brown was employed by America's Servicing Company as Loan Administration Supervisor.

**D.     DEFENDANT NDEX WAS NOT PROPERLY SUBSTITUTED AND DID NOT HAVE POWER OF SALE UNDER TRUST DEED.**

A foreclosure sale conducted by anyone other than the trustee of record is void and does not convey title to the property. <u>Bank of America, N.A. v. La Jolla Group II</u> (2005) 129 Cal.App.4th 706, 713 [28 Cal. Rptr. 3d 825]; <u>Dimock v. Emerald Properties</u> (2000) 81 Cal.App.4th 868, 876 [97 Cal. Rptr. 2d 255].  The trustee under a Deed of Trust "is not a true trustee, and owes no fiduciary obligations; [it] merely acts as a common agent for the trustor and the beneficiary of the deed of trust. ... [The trustee's] only duties are: (1) upon default to undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt to reconvey the deed of trust." <u>Vournas v. Fidelity Nat. Tit. Ins. Co.</u> (1999) 73 Cal.App.4th 668, 677, citation omitted.

A void instrument such as an undelivered or a forged deed does not convey anything and cannot be made the foundation of a good title.  <u>Montgomery v. Bank of America</u> (1948) 85 Cal.App.2d 559; <u>Trout v. Taylor</u>, 220 Cal. 652, 656 [32 P.2d 968]

As established by Defendant NDEx's own record, US Bank was not a beneficiary under the trust deed until May 12, 2009.  Although US Bank was not a beneficiary on May 1, 2009, it substituted NDEx as the trustee under the trust deed recorded on December 06, 2010.  The trustee's deed in question in this action is a forged instrument by reason of its having been recorded by NDEx

GARY HARRE, ESQ., (BAR NO. 86938)
GLOBAL CAPITAL LAW, P.C.
17111 BEACH BLVD., STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 634-3842

purportedly conveyed title to Defendant US Bank when NDEx did not have power of sale under trust deed.

Since the deed is absolutely void and conveyed no title to US Bank as the grantee, plaintiff may recover the property through an action to quiet title.

**E.    MERS IS NOT A BENEFICIARY AND HAS NO AUTHORITY TO ASSIGN INTERESTS TO US BANK.**

In order to understand what MERS is and what it is not, it is helpful to examine the structure of MERS as defined by the Supreme Courts of Kansas and Nebraska and the Court of Appeals of New York (New York's highest court):

> MERS is a private corporation that administers the MERS System, a national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans. Through the MERS system, MERS becomes the Mortgagee of record for participating members through assignment of the Member's interests to MERS. MERS is listed as the grantee in the official records maintained at county register of deeds offices. The lenders retain the promissory notes, as well as the servicing rights to the mortgages. The lenders can then sell these interests to investors without having to record the transaction in the public record. MERS is compensated for its services through fees charged to participating members.

Landmark Nat. Bank v. Kesler, 216 P.3d `58, 164 (Kan. 2009)(emphasis supplied), citing Mortgage Electronic Registration Systems, Inc. v. Nebraska Dept. of Banking & Finance, 704 N.W.2d 784, 785 (Neb. 2005)(where MERS disclaimed a position in order to avoid payment of taxes).

> In 1993, members of the real estate mortgage industry created MERS, an electronic registration system for mortgages. Its purpose is to streamline the mortgage process by eliminating the need to prepare and record paper assignments of mortgage, as had been done for hundreds of years. To accomplish this goal, MERS acts as nominee and as mortgagee of record for its members nationwide and appoints itself nominee, as mortgagee, for its members' successors and assigns, thereby remaining nominal mortgagee of record no matter how many times loan servicing, or the mortgage itself, may be transferred. MERS hopes to register every residential and commercial home loan nationwide on its electronic system.

GARY HARRE, ESQ., (BAR NO. 86938)
GLOBAL CAPITAL LAW, P.C.
17111 BEACH BLVD., STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 634-3842

GARY HARRE, ESQ., (BAR NO. 86938)
GLOBAL CAPITAL LAW, C.C.
17111 BEACH BLVD., STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 634-3842

<u>Merscorp, Inc. v. Romaine</u>, 861 N.E.2d 81, 86 (N.Y. 2006).

In analyzing this defined role of MERS against the standard MERS language in a mortgage document, the Superior Court of Rutland, Vermont in the matter of <u>Mortgage Electronic Registration Systems, Inc.  v. Johnston</u>, Docket No. 420-6-09-Rdcv  (2009), noted  the definition of "nominee" from Black's Law Dictionary, 1076 (8th Edition, 2004) as being "a person designated to act in place of another in a very limited way" and as "a party who holds bare legal title  for the benefit of others and distributes funds for the benefit of others". Legal title is defined as "a title that evidences apparent ownership but does not necessarily signify full and complete title or a beneficial interest", Black's Law Dictionary at 1523. This is in contrast to "equitable title", which is "a title that indicates a beneficial interest in property and gives the holder the right to acquire formal legal title".

MERS  procedures  manual,  which  is  available  for  download  at http://www.mersinc.org/MERSProducts/manual.aspx?mpid=1, clearly indicates that "MERS cannot transfer the beneficial rights to the debt.  The debt can only be transferred by properly endorsing the promissory note to the transferee."

The Vermont court held that the mortgage deed consistently referred to MERS "solely as a nominee" and that it holds "only legal title", but it then purported to expand MERS' authority as a "nominee" to act as in essence an agent or power-of-attorney to carry out the rights of the lender, including foreclosure and sale of the property. The court held that this purported expansion of authority was restricted to that "necessary to comply with law or custom", and that, importantly, MERS and the lender purposely chose to use the specific legal term "nominee" and not  "agent" or "power of attorney", and that MERS chose to define the term "nominee". The court further noted that the mortgage deed consistently referred to the Lender's rights to the property, and

GARY HARRE, ESQ. (BAR NO. 86938)
GLOBAL CAPITAL LAW, P.C.
17111 BEACH BLVD., STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 634-3842

not MERS', which was consistent with MERS limited authority to act "solely as nominee".

Against this backdrop of established decisional law and admissions of MERS, the Vermont court held that MERS could not enforce the underlying obligation, and may not enforce the mortgage deed it holds in its name with only "bare legal title".   The fact that the Defendants herein have acknowledged the presence of this same MERS  language in the Deed of Trust the subject of this action results in MERS being subject to the same caveats as set forth in the body of decisional law set forth herein.

The United States Bankruptcy Court for the District of Nevada in the matter of <u>In re Joshua and Stephanie Mitchell</u>, Case No. BK-S-07-16226-LBR (Decision of August 19, 2008), in analyzing what MERS stated it was according to its own website; the testimony of the Secretary of MERS; and the definition of "beneficiary" from Black's Law Dictionary 165 (8th Edition 2004, the same as that used by the Vermont Court), held that "MERS is not a beneficiary as it had no rights whatsoever to any payments, to any servicing rights, or to any of the properties secured by the loans." (Emphasis supplied)

The Court cited the same MERS "Terms and Conditions" set forth above in the <u>MERS v. Girdvainis</u> decision from 2006.

Thus, and in view of the overwhelming weight of this now established decisional law, Defendants' assertion herein that MERS has some alleged authority to institute foreclosure is essentially specious. Defendants' argument violates the very caveats of MERS' own contract, and Defendants' assertion of what MERS is purportedly permitted to do is  "diametrically opposite"  of  what MERS  purports to be, as affirmatively represented to  and found by the Courts of Nebraska (Supreme Court), Kansas (Supreme Court), New York (Court of

GARY HARRE, ESQ., (BAR NO. 86938)
GLOBAL CAPITAL LAW, P.C.
17111 BEACH BLVD., STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 634-3842

Appeals), Vermont, South Carolina, and Nevada (Federal). However, the law as to what MERS is not and cannot do does not end there.

In addition to holding that MERS has no rights to the mortgage instrument, numerous Courts of the United States have also held that MERS has no rights to the promissory notes and no authority to transfer the same. As a foreclosure requires unity of ownership, by the same party, of both the note and the (incident) mortgage instrument, MERS' legal inability to transfer the Note further precludes it from instituting foreclosure.

The court in the matter of Landmark National Bank v. Kessler, 216 P.3d 158, 289 Kan. 528 (Kan. 2009), held that "a nominee of the owner of a note and mortgage may not effectively assign the note and mortgage to another for want of an ownership interest in said note and mortgage by the nominee", and that as MERS never held the promissory note, its assignment of the deed of trust to a third party separate from the note had no force, citing Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W.3d 619, 623 (Mo.App. 2009). The Kansas court also cited In Re Wilhelm, 407 B.R. 392 (Bankr.D.Idaho 2009) for its holding that the "standard note language does not expressly or implicitly authorize MERS to transfer the note", and the decision in Saxon Mortgage Services v. Hillery, 2008 WL 5170180 (N.D.Cal. 2008) as holding "for there to be a valid assignment, there must be more than just assignment of the deed alone; the note must also be assigned...MERS purportedly assigned both the deed of trust and the promissory note...however, there is no evidence of record that establishes that MERS either held the promissory note or was given the authority...to assign the note".

The Supreme Court of Arkansas in the matter of Mortgage Electronic Registration Systems, Inc. v. Southwest Homes of Arkansas, Inc., 2009 WL 723182 (Ark. 2009) found that the Deed of Trust provided that all payments were to be made to the lender; that the lender made all decisions on late payments; no

payments on the underlying debt were made to MERS; and MERS did not service the loan in any way as it did not oversee payments or administration of the loan in any way. MERS asserted to be a corporation providing electronic tracking of ownership interests in residential real property security instruments.

MERS argued in the Arkansas case that it held a property interest through holding legal title with respect to the rights conveyed to the borrower by the lender. The Court's response: "We disagree". The Court found that Title was conveyed to the trustee; that the Deed of Trust did not convey title to MERS; and that as such, MERS was not the "beneficiary" even though it is so designated in the Deed of Trust. The Court held that the lender on the Deed of Trust was the beneficiary as it received payments on the debt secured by the property.

Similarly here, MERS is not the trustee; MERS did not receive any payments; and thus MERS is not the "beneficiary" despite what Defendants claim. The law cited above is clear and consistent that the "person for whose benefit a trust deed is given" is the lender, not MERS.

As set forth above, the Kansas decision in Landmark cited the case of Bellistri v. Ocwen, 284 S.W. 3d 619 (Mo.App.E.D. 2009). That case held that the record reflected no evidence "that MERS held the promissory note or that the original lender gave MERS the authority to transfer the promissory note. MERS could not transfer the promissory note; therefore the language in the assignment of the deed of trust purporting to transfer the promissory note was ineffective", citing Black v. Adrian, 80 S.W.3d 909, 914-915 (Mo.App.S.D.2002).

The Federal Bankruptcy Court in the matter of In Re Wilhelm (cited above) similarly held, finding that although the deeds of trust named MERS as the "nominal beneficiary", this language did not, either expressly or by implication, authorize MERS to transfer the promissory notes. Without any

GARY HARRE, ESQ., (BAR NO. 86938)
GLOBAL CAPITAL LAW, P.C.
17111 BEACH BLVD., STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 634-3842

GARY HARRE, ESQ., (BAR NO. 86938)
GLOBAL CAPITAL LAW, P.C.
17111 BEACH BLVD., STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 634-3842

transfer of the Notes, there was no interest in the Note by the party seeking to pursue a foreclosure through a MERS assignment.

Defendants completely ignore this wealth of recent decisional law with its consistent findings and holdings nullifying any alleged authority of MERS to do anything other than electronically track mortgage loans, which law completely vitiates all of Defendants' positions as to MERS. In view of this wealth of authority (which is the real "clear majority" of jurisdictions which have addressed the MERS issues), Defendants' arguments should be rejected.

More and more courts continue to come to this conclusion.  One of the most recent is the United States Bankruptcy Court for the Eastern District of California in the matter of <u>In Re Rickie Walker</u>, Case No. 10-21656 (opinion issued May 20, 2010) which cited the <u>Landmark v. Kesler</u> case cited hereinabove and other decisions from New York, Ohio, and the  <u>In Re Vargas</u> case from California in support of its conclusion that "Since no evidence of MERS ownership in the underlying note has been offered, and other courts have concluded that MERS does not own the underlying notes, this court is convinced that MERS had no interest it could transfer to Citibank" and based thereon, "Since MERS did not own the underlying note, it could not transfer the beneficial interest in the Deed of Trust to another.  Any attempt to transfer the beneficial interest of a Trust Deed without ownership of the underlying note is void under California law."

Here, the assignment of Deed of Trust attached to Defendant NDEx's request for judicial notice, exhibit 2, purportedly assigned by MERS to US Bank beneficial interest under the subject Trust Deed together with the Note.  MERS had no interest in the Note to assign its beneficial interest.

Therefore, the assignment of Trust Deed purportedly assigned beneficial interest by MERS to US Bank constitutes a fraudulent conveyance and thus VOID.

**F.    MERS' ASSIGNMENT OF MORTGAGE TO US BANK AS TRUSTEE FOR MORGAN STANLEY TRUST 2007-8XS IS IMPOSSIBILITY BECAUSE IT VIOLATED TRUST AGREEMENT.**

The trust agreement which created the Morgan Stanley Trust 2007-8XS is called a Pooling and Servicing Agreement ("PSA") and is filed under oath with the Security and Exchange Commission and is available at SEC.gov.    The Trust agreement is filed as Exhibit 99.1 to form 8-k filed with SEC.    Section 11.06 of the PSA is an election by the parties to the Trust that the Trust will be governed under the laws of the State of New York.    Therefore, this Court would be required to consider the impact of the action of any party to the Trust agreement which violated the Trust agreement under New York Law.

The Trust agreement or PSA sets forth how the trust acquires its assets, both powers and the limits of the powers of the Trust.    The Assignment and Assumption Agreement is incorporated into the Trust Agreement as Exhibit G to the Trust Agreement.

The PSA and the Assignment and Assumption Agreement when read together require that each party to the sale of the mortgage loans endorse each promissory note to the next party in the chain of title until the promissory note is endorsed to the Trustee for the benefit of the Trust.

While there is no promissory note produced, one would expect to see a series of endorsements of the promissory note reflective of each party who had ownership interest in the promissory note culminating with a specific endorsement to the Trustee on behalf of this particular trust and that this series of endorsements could have occurred no later than ninety (90) days after the

GARY HARRE, ESQ., (BAR NO. 86938)
GLOBAL CAPITAL LAW, P.C.
17111 BEACH BLVD., STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 634-3842

GARY HARRE, ESQ., (BAR NO. 86938)
GLOBAL CAPITAL LAW, P.C.
17111 BEACH BLVD., STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 634-3842

closing date set forth in the PSA which was May 31, 2007 (This is found at page 17 of the PSA).

In this case, the mortgage assignment produced by Defendant NDEx, which is included herein as reference as Exhibit 1, indicated that the mortgage assignment from MERS as nominee for Reunion Mortgage Inc. dated May 12, 2009 was the method by which the promissory note was conveyed to the Trust in this case. This clearly violates the terms of the Trust found in the PSA.

The PSA states explicitly at section 2.01 that the assets of the Trust were conveyed to the Trust on the date the PSA was executed on May 31, 2007. Additionally, the parties to the PSA required three different certifications in the PSA which were made by the Master Document Custodian to the Trustee that all of the mortgage loans purchased by this Trust were present and that each Promissory Note contained every endorsement that was required by the agreement including a specific endorsement to the Trust.

There are clearly obstacles which make the assertion that this Promissory Note was acquired by this Trust on May 12, 2009 IMPROBABLE or IMPOSSIBLE, depending upon the Court's interpretation of New York Law. In Section 2.06 of the PSA (at page 62), there are express limitations on the right of the Trust to act. In Section 10.02 (page 141), the PSA expressly states that the Trustee shall not accept any contribution of assets to the Trust unless the Trustee shall have obtained an opinion of counsel that the contribution will not cause any REMIC to fail to qualify as a REMIC or subject the Trust to any Federal Tax on "prohibited transactions" which are defined under the Tax Code.

In fact Article X of this PSA (Pages 138-143) set forth further explicit restrictions on the powers of the Trustee and the Master Servicer and prohibits either of them from acquiring any assets beyond the closing date of the Trust and

without a proper opinion of counsel that this acquisition would not violate the REMIC provisions of the Tax Code.

Based on information available from the assignment of the Deed of Trust by MERS and the PSA, the Trust obtained this Promissory Note on May 12, 2009 on its face would violate the REMIC provisions of the IRS tax code for number of reasons. First the loan was in default on April 2, 2009. Therefore, the loan could not have been a "qualified mortgage loan" under the IRS tax code because a qualified mortgage loan is a performing mortgage loan. Second, the alleged transfer to the trust was after the closing date and after the certificates were issued, in effect, the Defendant is claiming to have transferred an asset to a trust that has by its own terms been closed for more than two years at the time the alleged transfer took place. Third, there is no promissory note that shows that it was endorsed to the trust by the depositor and is devoid of the required chain of endorsements to establish a true sale under applicable portions of the IRS tax code.

A proper negotiation to this Trust would require a specific negotiation to this trust in conformity with the time frames set forth in the PSA.

**G.    PLAINTIFF HAS THE RIGHT TO SEEK A DECLARATION AS TO THE FORECLOSURE CONTROVERSY.**

As set forth in the Complaint and Affidavits, Defendant NDEx was not a valid trustee under the trust deed because US Bank was not a beneficiary at the time the substitution of trustee purportedly made. Consequentially, the trustee's deed upon sale issued by NDEx is VOID as matter of law.

Plaintiff has no idea of how any of the Defendants came into any ownership interest of their mortgage loan or why US Bank as trustee of an MBS trust able to make a credit bid when it did not have beneficial interest in the loan. Thus and in any event, the fact that US Bank, which is not a mortgage loan originator and did not originate the mortgage loan herein and is typically, in foreclosure

GARY HARRE, ESQ., (BAR NO. 86938)
GLOBAL CAPITAL LAW, P.C.
17111 BEACH BLVD., STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 634-3842

GARY HARRE, ESQ., (BAR NO. 86938)
GLOBAL CAPITAL LAW, P.C.
17111 BEACH BLVD., STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 634-3842

cases, a trustee of a securitized mortgage loan trust, indicates that the mortgage loan was securitized which begets issues of setoff in connection with credit enhancements and insurances inside of the mortgage loan trust into which the Plaintiffs' mortgage loan was placed with hundreds if not thousands of other mortgage loans.

Second, although MERS is mentioned in the Deed of Trust, it is not mentioned in the Note, and there is no evidence that the original lender ever gave MERS either rights to the Note or rights to transfer the note to any third party. In effect MERS is trying to assign something it never owned. This situation is not new to the case law as discussed *infra*.

## H.    PLAINTIFFS HAVE PROPERLY PLED CAUSES OF ACTION FOR INJUNCTIVE AND DECLARATORY RELIEF

### 1.    Plaintiffs have properly pled a cause of action for Injunctive Relief.

As set forth above and in the Complaint, Emergency Motion for Temporary Restraining Order and Affidavits filed therewith, Plaintiff has properly set forth a cause of action for injunctive relief, showing (1) they are likely to succeed on the merits; they are likely to suffer irreparable harm in the absence of an injunction through loss of the unique real property; that the balance of equities tips in their favor, and (4) that an injunction is in the public interest.  Alliance for Wild Rockies v. Cottrell, 2010 WL 2926463, *3 (9th Cir.).

Evidence as presented by Defendants in support of their motion to dismiss clearly indicated that Defendant NDEx did not have power of sale under trust deed.  The trustee's deed is VOID as matter of law.

Defendants have failed to demonstrate that they have the full and unencumbered rights to both the Note and the Deed of Trust and have themselves admitted that there is at least one other party with an interest

GARY HARRE, ESQ., (BAR NO. 86938)
GLOBAL CAPITAL LAW, P.C.
17111 BEACH BLVD., STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 634-3842

in the Note, Plaintiffs are likely to succeed on the merits on their claim for injunctive relief.  For Defendants to argue that their action in seeking to foreclose on the Plaintiffs' real property is proper without any evidence of the legal right to do so; without any evidence of the full and unencumbered interest ownership interest in the Note or Deed of Trust; where Defendants admit that another party has an interest in the loan; and where Defendants' MERS position as to MERS flies in the face of national case law to the contrary, defies credulity. The injury from the Defendants stealing the Plaintiffs' real property when they have no interest in that property constitutes irreparable injury to the Plaintiffs.

The Defendants' loss of an improper windfall which they are not entitled to cannot, under the most ridiculous of circumstances, ever be considered an "injury", and their theft of the property with no demonstrated interest in the Note or Deed of Trust is in fact a violation of the Plaintiffs' rights. Defendants essentially have a one-theme mantra" "Plaintiffs are in default, thus we get to foreclose". Defendants would have this Court ignore the law and ignore the facts and simply give the Defendants something they are not entitled to solely because of their singular mantra. Surely allowing Defendants to act in this manner is harmful to the public in general and should not be permitted.

Defendants' argument that Plaintiffs could be made whole after the foreclosure (by filing suit against the Trustee immediately after the sale so that the Court may void the contract of sale) is unconvincing.

Finally, the purported avenue of relief suggested by Defendants is not the exclusive remedy, and there is no law cited by Defendants which prohibits Plaintiffs from seeking the relief sought herein.

//

PLAINTIFF'S RESPONSE TO U.S. BANK NATIONAL ASSOCIATION MOTION TO DISMISS.

GARY HARRE, ESQ., (BAR NO. 86938)
GLOBAL CAPITAL LAW, C.O
17111 BEACH BLVD., STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 634-3842

### 2.    Plaintiff has properly pled a cause of action for Declaratory Judgment.

As set forth above and in their Complaint, Emergency Motion for Temporary Restraining Order and Affidavits filed therewith, Plaintiffs have properly set forth a cause of action for Declaratory Relief showing a substantial controversy between the parties "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Hoyt St. Props., L.L.C. v. Burnlington N. & Santa Fe. Ry. Co., 38 F. Supp. 2d 1185, 1190 (D. Or. 1999), quoting Md. Cas. Co. v. Pac. Coal & Oil Co. 312 U.S. 270, 273 (1941)(citation omitted.)

The ultimate facts set forth in the Complaint and the Affidavits demonstrate that the Defendant NDEx did not have power of sale as trustee and therefore trustee's deed upon sale is VOID *ab initio*.

US Bank is the original lender and none of whom have demonstrated any legal ownership interest in either the Note or the Deed of Trust, are seeking to foreclose on the Plaintiffs' real property, giving rise to a justiciable controversy which warrants injunctive relief. Defendants have simply denied the facts pled, which they can do in an Answer. Denial of facts pled is not ground for dismissal.

### 3.    Defendants' "Lack of Standing" Argument as to this Court

*Ab initio*, this claim, assuming it had any merit (which it does not), would be an attack on this Court's jurisdiction, which was only conferred upon this Court because the Defendants removed the state court action to this Court. Yet, incredulously, they now complain that this Court has no standing. Frivolous? Most likely.

//
//
//

GARY HARRE, ESQ., (BAR NO. 86938)
GLOBAL CAPITAL LAW, P.C.
17111 BEACH BLVD., STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 634-3842

### III.    CONCLUSION

Plaintiff has properly pled ultimate facts, by averment and Affidavits, to support each of the causes of action alleged. Defendants have presented no grounds for dismissal, simply taking issue with the facts or denying same, which is properly put forth in an Answer to the Complaint.

NDEx had no power of sale under the subject trust deed and its Trustee's Deed Upon Sale is VOID as matter of law.

MERS has no authority to do anything. MERS is not the "beneficiary" and has no right to institute or take any action to further a foreclosure.

Defendants have failed to provide any evidence that they have any legal rights to either the Note or the Deed of Trust.

This Court properly entered temporary injunctive relief and properly maintained the status quo of the Property the subject of this action.

Defendants' Motion has been interposed for no other purpose than to delay this action, squander this Court's time and resources, and frustrate the legitimate prosecution of this action. Plaintiff respectfully request that Defendants' Motion to Dismiss be denied.

Dated: 12/13/2010                          Respectfully Submitted;

                                           Gary Harre, Esq.
                                           Attorney for Plaintiff, TA KIM TO