1  GARY HARRE, ESQ. (BAR NO. 86938)
   Global Capital Law, P.C.
2  17111 Beach Blvd, Ste 100
   Huntington Beach, CA 92647
3  Telephone: (714) 907-4182
   Email: ghcmecf@gmail.com
4
   Attorney for Debtor
5  TA KIM TO

FILED
FEB - 3 2011

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 8:09-bk-22705-TA |
| TA KIM TO | ADV. NO. 8:10-ap-01502-TA |
| | CHAPTER 13 |
| TA KIM TO, an Individual | ORAL ARGUMENT OUTLINE PLAINTIFF'S RESPONSE TO COURT'S TENTATIVE RULING RE U.S. BANK NATIONAL ASSOCIATION MOTION TO DISMISS. |
| Plaintiff, | |
| -vs.- | |
| U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, (SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION) AS TRUSTEE FOR MORGAN STANLEY TRUST 2007-8XS; NDEx WEST, LLC; and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto; and DOES 1-100, Inclusive; | Hearing Date:<br><br>Date: February 3, 2011<br>Time: 11:00 a.m.<br>Ctrm: 5B |
| Defendant. | |

//
//
//
//

Attorney for Plaintiff TA KIM TO ("TA"), has reviewed the Court's tentative ruling and wishes to address the issues raised by the Court. We request that the Court allow us to amend its Adversary Complaint to make the allegations with more particularity and specificity and address the concerns of the Court.

First, the tentative ruling seems to construe US Bank as an entity with beneficial interests in Plaintiff's property rather US Bank as Trustee, which holds only bare title for the benefit of the Morgan Stanley Trust 2007-8XS.

This 2007 series trust closed on or about March 31, 2007 in accordance with New York Trust Law and REMIC of the IRS codes as discussed in Plaintiff's opposition to Defendants' Motion to dismiss.

**The main issue in this litigation is whether the closed 2007-8XS can take on the assigned beneficial interest from MERS in violation of REMIC and New York Trust laws which expressly prohibits removing or adding assets into a closed trust once the** bond certificates have been issued based on the total asset amount as reported with the Security Exchange Commission (SEC). Since the assignment to Defendant US Bank, and the Trust was VOID as matter of law, there was no power of sale conferred upon an invalid substitution of trustee to conduct a trustee sale. Such passing of title would constitute fraudulent conveyance.

The issue of tender and possession of the note for purpose of foreclosure do not apply in this case because the foreclosure process in accordance with California Civil Code is not at issue.

Plaintiff's requests for injunctive and declaratory relief are based on the other causes of action and the primary issue of **whether Title passing by MERS to Defendant US Bank, as Trustee for the Morgan Stanley Loan Trust 2007-8xs, is void ab initio as a matter of law since Defendant US Bank, as**

**Trustee is holding bare legal title for the benefit of the Morgan Stanley Loan Trust 2007-8xs, a Mortgage Backed Security Trust (MBS), a REMIC Trust, that closed on 5-1-07 and was executed on 5-31-07 and by its terms was legally unable to accept any assets into the Trust after 8-1-07, 90 days after the closing date of the REMIC Trust.** Defendant US Bank, as Trustee, was legally incapable of taking title to any property or assets after the Trust closed. Defendant US Bank, Trustee alleges it took title by an Assignment from MERS but MERS, a nominee beneficiary, could not legally convey title to a closed Trust (or any other entity for that matter). Further, NDEx, which did a self executing Substitution of Trustee, knew or should have know that it had no authority to foreclose on behalf of Defendant US Bank, Trustee for the Morgan Stanley Loan Trust 2007-8xs, a closed Trust.

US Bank, Trustee and NDEx knew or should have know that they had no authority to issue or record a Notice of Default or Notice of Sale and that US Bank had NO CREDIT with which to do an a presumed "credit bid".

The Supreme Court case in Jerman

Plaintiff further disputes the allegation that MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") is the "Beneficiary" of the Deed of Trust. Numerous courts throughout the United States have spoken repeatedly and consistently as to the alleged position of MERS and have consistently struck down MERS' purported "position" as self-nominated "beneficiary", relegating MERS to nothing more to what it really is: an entity which tracks and records the sale of mortgage instruments, and repeatedly holding that it is not the "beneficiary" of anything despite the boilerplate language in Deeds of Trust. California has also repeatedly addressed the issues presented by the Plaintiff's Complaint head-on in the **Rickie Walker case and Whang cases.**

## I. MEMORANDUM OF POINTS AND AUTHORITIES

### A. INTRODUCTION

Defendant miss (or ignore) the entire issue of this action. The issue is not whether the Plaintiff is in default, or whether the trustee's sale is irregular; the issue is whether the Defendant has the legal right to seek the remedy of foreclosure. Plaintiff has the legal right to seek a declaration from this Court as to whether the Defendant is permitted to seek foreclosure, and for injunctive relief precluding any foreclosure in the absence of such legal rights being demonstrated by competent evidence.

Defendant bases their ability to foreclose the Trust Deed exclusively on the alleged authority of Defendant MERS. What the Defendant is attempting to do is to equate a purported grant of authority to MERS under the Deed of Trust alone to purported authority to transfer the Note as well where there is absolutely no language in the Note transferring the Note to MERS; no assignment from the original lender transferring the Note to MERS; and where MERS cannot, as a matter of law, be either the "beneficiary" under the Deed of Trust or undertake any action to further a foreclosure.

### B. FACTS ALLEGED IN PLAINTIFF'S COMPLAINT AND JUDICIAL NOTICE DOCUMENTS.

On or about November 2006, Plaintiff executed a Note and Deed of Trust in favor of original lender, non-party REUNION. The original Promissory Note attached to Plaintiff's Request for Judicial Notice does not reference MERS as a beneficiary or otherwise names MERS. The Trust Deed, attached to Defendant NDEx Request for Judicial Notice as Exhibit 1, lists MERS as "grantee" of the security instrument, and also "solely as nominee for Lender and Lender's successors and assigns" and finally, as "beneficiary."

The Assignment of Deed of Trust, attached to Defendant NDEx Request for Judicial Notice as Exhibit 2, indicated that on May 12, 2009, (with recording date

shown of May 18, 2009), MERS, *"FOR VALUE RECEIVED"*, "as nominee for Reunion Mortgage Inc." "grants, assigns and transfer to" US Bank "all beneficial interest under that certain Deed of Trust" executed by Plaintiff in 2006.

On May 1, 2009 (with recording date shown of May 21, 2009), China Brown[1] who was a VP of Loan Doc for Wells Fargo Bank NA as attorney in fact for US Bank, "who is the present beneficiary" appoints Defendant NDEx as successor trustee. The problem with this appointment is that US Bank, based on records submitted by Defendants, was not a beneficiary on May 1, 2009. Therefore, NDEx could NOT be substituted as trustee with power of sale under the Trust Deed. The Substitution of trustee is attached to Defendant NDEx Request for Judicial Notice as Exhibit 3.

On or about August 2009, Plaintiff received a "Notice of Trustee's Sale" ("NOS") from Defendant NDEx, even though it did not have power of sale under the Deed of Trust. Attached to the NOS is a California Declaration signed by the same person, China Brown. This time, China Brown was employed by America's Servicing Company as Loan Administration Supervisor.

### C. DEFENDANT NDEX WAS NOT PROPERLY SUBSTITUTED AND DID NOT HAVE POWER OF SALE UNDER TRUST DEED.

A foreclosure sale conducted by anyone other than the trustee of record is void and does not convey title to the property. Bank of America, N.A. v. La Jolla Group II (2005) 129 Cal.App.4th 706, 713 [28 Cal. Rptr. 3d 825]; Dimock v. Emerald Properties (2000) 81 Cal.App.4th 868, 876 [97 Cal. Rptr. 2d 255]. The trustee under a Deed of Trust "is not a true trustee, and owes no fiduciary obligations; [it] merely acts as a common agent for the trustor and the beneficiary of the deed of trust. ... [The trustee's] only duties are: (1) upon default to

---

[1] China Brown's employment as VP with Wells Fargo in Substitution of Trustee on May 1, 2009 then again referenced *supra* as Loan Supervisor for America's Servicing Company on July 1, 2009 is at question. However, clear inference of forgery and fraud can be made here until confirm by discovery.

undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt to reconvey the deed of trust." Vournas v. Fidelity Nat. Tit. Ins. Co. (1999) 73 Cal.App.4th 668, 677, citation omitted.

**A void instrument such as an undelivered or a forged deed does not convey anything and cannot be made the foundation of a good title. Montgomery v. Bank of America (1948) 85 Cal.App.2d 559; Trout v. Taylor, 220 Cal. 652, 656 [32 P.2d 968]**

As established by Defendant NDEx's own record, US Bank was not a beneficiary under the trust deed until May 12, 2009. Although US Bank was not a beneficiary on May 1, 2009, it substituted NDEx as the trustee under the trust deed recorded on December 06, 2010. The trustee's deed in question in this action is a forged instrument by reason of its having been recorded by NDEx purportedly conveyed title to Defendant US Bank when NDEx did not have power of sale under trust deed.

Since the deed is absolutely void and conveyed no title to US Bank as the grantee, plaintiff may recover the property through an action to quiet title.

**D. MERS IS NOT A BENEFICIARY AND HAS NO AUTHORITY TO ASSIGN INTERESTS TO US BANK.**

Defendants completely ignore this wealth of recent decisional law with its consistent findings and holdings nullifying any alleged authority of MERS to do anything other than electronically track mortgage loans, which law completely vitiates all of Defendants' positions as to MERS. In view of this wealth of authority (which is the real "clear majority" of jurisdictions which have addressed the MERS issues), Defendants' arguments should be rejected.

More and more courts continue to come to this conclusion. One of the most recent is the United States Bankruptcy Court for the Eastern District of California in the matter of **In Re Rickie Walker**, Case No. 10-21656 (opinion issued May 20, 2010) which cited the Landmark v. Kesler case cited hereinabove

and other decisions from New York, Ohio, and the <u>In Re Vargas</u> case from California in support of its conclusion that "Since no evidence of MERS ownership in the underlying note has been offered, and other courts have concluded that MERS does not own the underlying notes, this court is convinced that MERS had no interest it could transfer to Citibank" and based thereon, "Since MERS did not own the underlying note, it could not transfer the beneficial interest in the Deed of Trust to another. Any attempt to transfer the beneficial interest of a Trust Deed without ownership of the underlying note is void under California law."

Here, the assignment of Deed of Trust attached to Defendant NDEx's request for judicial notice, exhibit 2, purportedly assigned by MERS to US Bank beneficial interest under the subject Trust Deed together with the Note. MERS had no interest in the Note to assign its beneficial interest.

Therefore, the assignment of Trust Deed purportedly assigned beneficial interest by MERS to US Bank constitutes a fraudulent conveyance and thus VOID.

E.    **MERS' ASSIGNMENT OF MORTGAGE TO US BANK AS TRUSTEE FOR MORGAN STANLEY TRUST 2007-8XS IS IMPOSSIBILITY BECAUSE IT VIOLATED TRUST AGREEMENT.**

The trust agreement which created the Morgan Stanley Trust 2007-8XS is called a Pooling and Servicing Agreement ("PSA") and is filed under oath with the Security and Exchange Commission and is available at SEC.gov. The Trust agreement is filed as Exhibit 99.1 to form 8-k filed with SEC. Section 11.06 of the PSA is an election by the parties to the Trust that the Trust will be governed under the laws of the State of New York. Therefore, this Court would be required to consider the impact of the action of any party to the Trust agreement which violated the Trust agreement under New York Law.

The Trust agreement or PSA sets forth how the trust acquires its assets, both powers and the limits of the powers of the Trust. The Assignment and Assumption Agreement is incorporated into the Trust Agreement as Exhibit G to the Trust Agreement.

The PSA and the Assignment and Assumption Agreement when read together require that each party to the sale of the mortgage loans endorse each promissory note to the next party in the chain of title until the promissory note is endorsed to the Trustee for the benefit of the Trust.

While there is no promissory note produced, one would expect to see a series of endorsements of the promissory note reflective of each party who had ownership interest in the promissory note culminating with a specific endorsement to the Trustee on behalf of this particular trust and that this series of endorsements could have occurred no later than ninety (90) days after the closing date set forth in the PSA which was May 31, 2007 (This is found at page 17 of the PSA).

In this case, the mortgage assignment produced by Defendant NDEx, which is included herein as reference as Exhibit 1, indicated that the mortgage assignment from MERS as nominee for Reunion Mortgage Inc. dated May 12, 2009 was the method by which the promissory note was conveyed to the Trust in this case. This clearly violates the terms of the Trust found in the PSA.

The PSA states explicitly at section 2.01 that the assets of the Trust were conveyed to the Trust on the date the PSA was executed on May 31, 2007. Additionally, the parties to the PSA required three different certifications in the PSA which were made by the Master Document Custodian to the Trustee that all of the mortgage loans purchased by this Trust were present and that each Promissory Note contained every endorsement that was required by the agreement including a specific endorsement to the Trust.

- 8 -
PLAINTIFF'S RESPONSE TO TENTATIVE RULING RE MOTION TO DISMISS.

There are clearly obstacles which make the assertion that this Promissory Note was acquired by this Trust on May 12, 2009 IMPROBABLE or IMPOSSIBLE, depending upon the Court's interpretation of New York Law.  In Section 2.06 of the PSA (at page 62), there are express limitations on the right of the Trust to act. In Section 10.02 (page 141), the PSA expressly states that the Trustee shall not accept any contribution of assets to the Trust unless the Trustee shall have obtained an opinion of counsel that the contribution will not cause any REMIC to fail to qualify as a REMIC or subject the Trust to any Federal Tax on "prohibited transactions" which are defined under the Tax Code.

In fact Article X of this PSA (Pages 138-143) set forth further explicit restrictions on the powers of the Trustee and the Master Servicer and prohibits either of them from acquiring any assets beyond the closing date of the Trust and without a proper opinion of counsel that this acquisition would not violate the REMIC provisions of the Tax Code.

Based on information available from the assignment of the Deed of Trust by MERS and the PSA, the Trust obtained this Promissory Note on May 12, 2009 on its face would violate the REMIC provisions of the IRS tax code for number of reasons.  First the loan was in default on April 2, 2009.  Therefore, the loan could not have been a "qualified mortgage loan" under the IRS tax code because a qualified mortgage loan is a performing mortgage loan.  Second, the alleged transfer to the trust was after the closing date and after the certificates were issued, in effect, the Defendant is claiming to have transferred an asset to a trust that has by its own terms been closed for more than two years at the time the alleged transfer took place.  Third, there is no promissory note that shows that it was endorsed to the trust by the depositor and is devoid of the required chain of endorsements to establish a true sale under applicable portions of the IRS tax code.

A proper negotiation to this Trust would require a specific negotiation to this trust in conformity with the time frames set forth in the PSA.

### F. PLAINTIFF HAS THE RIGHT TO SEEK A DECLARATION AS TO THE FORECLOSURE CONTROVERSY.

As set forth in the Complaint and Affidavits, Defendant NDEx was not a valid trustee under the trust deed because US Bank was not a beneficiary at the time the substitution of trustee purportedly made. Consequentially, the trustee's deed upon sale issued by NDEx is VOID as matter of law.

Plaintiff has no idea of how any of the Defendants came into any ownership interest of their mortgage loan or why US Bank as trustee of an MBS trust able to make a credit bid when it did not have beneficial interest in the loan. Thus and in any event, the fact that US Bank, which is not a mortgage loan originator and did not originate the mortgage loan herein and is typically, in foreclosure cases, a trustee of a securitized mortgage loan trust, indicates that the mortgage loan was securitized which begets issues of setoff in connection with credit enhancements and insurances inside of the mortgage loan trust into which the Plaintiffs' mortgage loan was placed with hundreds if not thousands of other mortgage loans.

Second, although MERS is mentioned in the Deed of Trust, it is not mentioned in the Note, and there is no evidence that the original lender ever gave MERS either rights to the Note or rights to transfer the note to any third party. In effect MERS is trying to assign something it never owned. This situation is not new to the case law as discussed *infra*.

### G. PLAINTIFFS HAVE PROPERLY PLED CAUSES OF ACTION FOR INJUNCTIVE AND DECLARATORY RELIEF

**1. Plaintiffs have properly pled a cause of action for Injunctive Relief.**

As set forth above and in the Complaint, Emergency Motion for Temporary Restraining Order and Affidavits filed therewith, Plaintiff has properly set forth a cause of action for injunctive relief, showing (1) they are likely to succeed on the merits; they are likely to suffer irreparable harm in the absence of an injunction through loss of the unique real property; that the balance of equities tips in their favor, and (4) that an injunction is in the public interest. <u>Alliance for Wild Rockies v. Cottrell</u>, 2010 WL 2926463, *3 (9th Cir.).

Evidence as presented by Defendants in support of their motion to dismiss clearly indicated that Defendant NDEx did not have power of sale under trust deed. The trustee's deed is VOID as matter of law.

Defendants have failed to demonstrate that they have the full and unencumbered rights to both the Note and the Deed of Trust and have themselves admitted that there is at least one other party with an interest in the Note, Plaintiffs are likely to succeed on the merits on their claim for injunctive relief. For Defendants to argue that their action in seeking to foreclose on the Plaintiffs' real property is proper without any evidence of the legal right to do so; without any evidence of the full and unencumbered interest ownership interest in the Note or Deed of Trust; where Defendants admit that another party has an interest in the loan; and where Defendants' MERS position as to MERS flies in the face of national case law to the contrary, defies credulity. The injury from the Defendants stealing the Plaintiffs' real property when they have no interest in that property constitutes irreparable injury to the Plaintiffs.

The Defendants' loss of an improper windfall which they are not entitled to cannot, under the most ridiculous of circumstances, ever be considered an "injury", and their theft of the property with no

- 11 -
PLAINTIFF'S RESPONSE TO TENTATIVE RULING RE MOTION TO DISMISS.

demonstrated interest in the Note or Deed of Trust is in fact a violation of the Plaintiffs' rights. Defendants essentially have a one-theme mantra" "Plaintiffs are in default, thus we get to foreclose". Defendants would have this Court ignore the law and ignore the facts and simply give the Defendants something they are not entitled to solely because of their singular mantra. Surely allowing Defendants to act in this manner is harmful to the public in general and should not be permitted.

Defendants' argument that Plaintiffs could be made whole after the foreclosure (by filing suit against the Trustee immediately after the sale so that the Court may void the contract of sale) is unconvincing.

Finally, the purported avenue of relief suggested by Defendants is not the exclusive remedy, and there is no law cited by Defendants which prohibits Plaintiffs from seeking the relief sought herein.

### 2. Plaintiff has properly pled a cause of action for Declaratory Judgment.

As set forth above and in their Complaint, Emergency Motion for Temporary Restraining Order and Affidavits filed therewith, Plaintiffs have properly set forth a cause of action for Declaratory Relief showing a substantial controversy between the parties "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Hoyt St. Props., L.L.C. v. Burnlington N. & Santa Fe. Ry. Co., 38 F. Supp. 2d 1185, 1190 (D. Or. 1999), quoting Md. Cas. Co. v. Pac. Coal & Oil Co. 312 U.S. 270, 273 (1941)(citation omitted.)

The ultimate facts set forth in the Complaint and the Affidavits demonstrate that the Defendant NDEx did not have power of sale as trustee and therefore trustee's deed upon sale is VOID *ab initio.*

US Bank is the original lender and none of whom have demonstrated any legal ownership interest in either the Note or the Deed of Trust, are

seeking to foreclose on the Plaintiffs' real property, giving rise to a justiciable controversy which warrants injunctive relief. Defendants have simply denied the facts pled, which they can do in an Answer. Denial of facts pled is not ground for dismissal.

### 3. Defendants' "Lack of Standing" Argument as to this Court

*Ab initio*, this claim, assuming it had any merit (which it does not), would be an attack on this Court's jurisdiction, which was only conferred upon this Court because the Defendants removed the state court action to this Court. Yet, incredulously, they now complain that this Court has no standing. Frivolous? Most likely.

/CONCLUSION

NDEx had no power of sale under the subject trust deed and its Trustee's Deed Upon Sale is VOID as matter of law.

MERS has no authority to do anything. MERS is not the "beneficiary" and has no right to institute or take any action to further a foreclosure.

**Title passing by MERS to Defendant US Bank, as Trustee for the Morgan Stanley Loan Trust 2007-8xs, is void ab initio as a matter of law since Defendant US Bank, as Trustee is holding bare legal title for the benefit of the Morgan Stanley Loan Trust 2007-8xs, a Mortgage Backed Security Trust (MBS), a REMIC Trust, that closed on 5-1-07 and was executed on 5-31-07 and by its terms was legally unable to accept any assets into the Trust after 8-1-07, 90 days after the closing date of the REMIC Trust.** This Court properly entered temporary injunctive relief and properly maintained the status quo of the Property the subject of this action.

Plaintiff respectfully request that Defendants' Motion to Dismiss be denied or that Plaintiff be allowed to amend her Complaint.

Dated: 2/2/2011    Respectfully Submitted; DIANE BEALL

- 13

PLAINTIFF'S RESPONSE TO TENTATI