MARISOL A. NAGATA, ESQ.
State Bar No. 221387
**BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP**
20955 Pathfinder Road, Suite 300
Diamond Bar, California 91765
(626) 915-5714 – Phone
(909) 595-7640 - Fax
cdcaecf@BDFGROUP.com
File No. 2131845

FILED & ENTERED

FEB 25 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ngo    DEPUTY CLERK

Attorneys for Defendant
NDEX WEST, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re: | CASE NO.: 8:10-bk-22705-TA |
| | CHAPTER: 13 |
| **Kim To Ta** | A.P. No.: 8:10-ap-01502-TA |
| Debtor. | |
| **Kim To Ta**, | **ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |
| Plaintiff, | *[FRBP Rule 7012; FRCP Rules 12(b)(6)]* |
| vs. | *HEARING:* |
| **U S Bank National Association,,** *as successor trustee to Bank of America, National Association, 9Succesor by merger to LaSalle Bank National Association, as trustee for Morgan Stanley Trust 2007-8XS*, **NDEx West LLC,** | DATE: February 3, 2011<br>TIME: 11:00 am<br>LOCATION: US Bankruptcy Court<br>411 W. Fourth St.<br>Courtroom 5B, 5th Floor<br>Santa Ana, CA |
| Defendants. | |

Defendant NDeX West LLC's to Motion of Dismiss the above-captioned adversary proceeding came on for hearing by the Court on the date, time and place set forth above, the

1
ORDER DISMISSING ADVERSARY PROCEEDING NUMBER 8:10-ap-01503-RK FOR LACK OF SUBJECT MATTER JURISDICTION

Honorable Theodor Albert, United States Bankruptcy Judge presiding. Appearances were made as noted on the record. For the reasons set forth on the record and in the minutes of the proceedings,

**IT IS ORDERED** that the above-captioned adversary proceeding is dismissed without prejudice for the reasons fully set forth in the attached **Exhibit "A"**, which is incorporated herein by reference.

###

DATED: February 25, 2011

*Theodor C. Albert*
United States Bankruptcy Judge

# United States Bankruptcy Court
# Central District of California

Santa Ana

Judge Theodor Albert, Presiding

Courtroom 5B Calendar

| | |
|---|---|
| **Thursday, February 3, 2011** | **Hearing Room  5B** |

11:00 am

| | | |
|---|---|---|
| 8:10-22705 | Kim To Ta | Chapter  13 |

Adv#: 8:10-01502      Ta v. U S Bank National Association, et al

#19.00      Defendant, US Bank National Association's  Motion to Dismiss Plaintiff's Complaint

Docket #:    11

**Tentative Ruling:**

The underlying bankruptcy pending when this case was filed was dismissed Jan. 4, 2011. Absent a pending bankruptcy, there is no "related to" jurisdiction under 28 U.S.C. §157(a) in the bankruptcy court. As a general rule, when the bankruptcy action underlying an adversary proceeding is dismissed, the related adversary proceedings should likewise be dismissed.*Peabody Landscape Const. Inc. v. Schottenstein,* 371 B.R. 276, 280 (Bankr.S.D.Ohio 2007). It appears that this issue may have been addressed by the re-filing of a Chapter 7 petition Jan. 18, 2011.  However, this latest filing raises a standing issue in that any and all of the claims for relief asserted in the complaint would be property of the estate within the meaning of 11 U.S.C. §541, which can only be used , leased or sold by the estate's representative, the Chapter 7 trustee.

Even if the standing issue were cured by reason of substitution of parties, sale or abandonment, the complaint still has numerous profound problems.  In anticipation of any attempted cure of standing, the court will analyze the complaint on substantive grounds as well below.

The following are the relevant facts set forth in the documents included in the Request for Judicial Notice:

An Interspousal Transfer Grant Deed was recorded on December 6, 2006 in connection with the Subject Property, listing Plaintiff as the grantee. (Exhibit A)

Plaintiff obtained a mortgage loan in the amount of $504,000 ("Loan") secured by a deed of trust ("Deed of Trust") encumbering the Subject Property.  The DOT was recorded on November 6, 2006.  The DOT identifies Reunion Mortgage, Inc. as the lender, Mortgage Electronic Registration Systems ("MERS") as beneficiary, Ticor Title Company as the trustee, and Plaintiff as the borrower. (Exhibit B)

## United States Bankruptcy Court
## Central District of California

Santa Ana

Judge Theodor Albert, Presiding

**Courtroom 5B Calendar**

**Thursday, February 3, 2011**                                                                                   **Hearing Room   5B**

11:00 am

Cont....       Kim To Ta                                                                                                   Chapter   13

     A second Deed of Trust was recorded on April 24, 2007 in the amount of $91,900 encumbering the Subject Property from the lender, Bank of America, N.A. (Exhibit C)

     Plaintiff defaulted on the loan. Defendant generated a Notice of Default and Election to Sell under Deed of Trust ("NOD"), and recorded it on April 6, 2009. The NOD indicates that as of April 2, 2009, the amount in arrears on Loan was $14,642.42. (Exhibit D)

     A Notice of Trustee's Sale in connection with the Deed of Trust was recorded on July 24, 2009. (Exhibit E)

     A non-judicial foreclosure trustee sale for the Subject Property occurred on August 24, 2010 for the amount of the unpaid debt together with costs, listed as $556,317.04. The amount paid by the grantee (presumably by credit bid) at the trustee sale was $309,000.00. A trustee's deed upon sale was given to US Bank National Association, as Successor Trustee to Bank of America, National Association, (Successor by Merger to LaSalle Bank National Association) As Trustee For Morgan Stanley Loan Trust 2007-8xs, (Exhibit F).

     Defendants have filed their motion to dismiss Plaintiff's complaint for failure to state a claim under rule 12(b)(6). The Motion is opposed.

    FRCP 12(b)(6) requires a court to consider whether a complaint fails to state a claim upon which relief may be granted. When considering a motion under FRCP 12(b)(6), a court takes all the allegations of material fact as true and construes them in the light most favorable to the nonmoving party. *Parks School of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint should not be dismissed unless a plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *Id.* Motions to dismiss are viewed with disfavor in the federal courts because of the basic precept that the primary objective of the law is to obtain a determination of the merits of a claim. *Rennie & Laughlin, Inc. v. Chrysler Corporation*, 242 F.2d 208, 213 (9th Cir. 1957). There are cases that justify, or compel, granting a motion to dismiss. The line between totally unmeritorious claims and others must be carved out case by case by the judgment of trial judges, and that judgment should be exercised cautiously on such a motion. *Id.*

# United States Bankruptcy Court
# Central District of California

Santa Ana

Judge Theodor Albert, Presiding

**Courtroom 5B Calendar**

**Thursday, February 3, 2011**       **Hearing Room**    **5B**

11:00 am

**Cont....**      **Kim To Ta**      **Chapter**    **13**

    FRCP 8 requires a pleading that sets forth a claim for relief to contain a short and plain statement of the claim showing that the pleader is entitled to relief.  It is not necessary at the pleading stage to plead evidentiary detail, but facts must be alleged to sufficiently apprise the defendant of the complaint against him.  *Kubick v. F.D.I.C. (In re Kubick)*, 171 B.R. 658, 660 (9th Cir. BAP 1994).  Clarification, greater particularity, and other refinements in pleading are accomplished through motions, discovery, pretrial orders, and liberal toleration of amendments. *Yadidi v. Herzlich (In re Yadidi)*, 274 B.R. 843, 849 (9th Cir. BAP 2002).

    "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-556, 127 S. Ct. 1955, 1964-65 (2007)   A complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, _ U.S._, 129 S.Ct. 1937, 1949 (2009) *citing Twombly*.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.  The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*.  The tenet that a court must accept as true all factual allegations is not applicable to legal conclusions. *Id*. Threadbare recitals of elements supported by conclusory statements are not sufficient. *Id*.

    FRCP 9(b) requires that in all averments of fraud or mistake, the circumstances constituting the fraud or mistake must be plead with specificity to give the defending party notice of what he/she must defend against.  The particularity requirement is satisfied if the complaint identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from its allegations.  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).  While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are not. *Id*.  FRCP 9(b) further provides that malice, intent, knowledge, and other condition of mind of a person may be averred generally.

    Plaintiff alleges eight causes of action against Defendants in the Complaint.  Defendants contend each of the eight causes of action set forth in the Complaint fails to state a claim upon which relief may be granted.  Each is analyzed below:

# United States Bankruptcy Court
# Central District of California

Santa Ana

Judge Theodor Albert, Presiding

Courtroom 5B Calendar

**Thursday, February 3, 2011**                                                                                           **Hearing Room    5B**

11:00 am

Cont....      **Kim To Ta**                                                                                                                **Chapter    13**

    **1. First and Second Claims for Relief – Declaratory Relief**

    The first and second claims are for declaratory relief. Plaintiff seeks a judicial declaration (1) determining the nature, extent, and validity of Defendants' interest in the Subject Property, and (2) determining the status of US Bank's Claim through the Trustee Deed. A declaratory judgment will not resolve any issues outside of those already being addressed by substantive claims. Therefore, declaratory relief is only appropriate insofar as a substantive theory for relief is appropriate.

    **2. Third Claim for Relief—TILA Violation**

      The third claim is for violation of the Truth in Lending Act ("TILA"). Plaintiff alleges that Deutsche Bank became the new owner or assignee on December 7, 2009 and Plaintiff did not received notice from Deutsche Bank.

      Debtor's request for rescission is defective as it falls outside the statutory period prescribed by TILA. Deutsche Bank is not a named defendant, and the Debtor fails to allege the necessary elements for rescission, namely, the ability to tender. The instant adversary proceeding was filed on October 25, 2010, but the three -year period for rescission prescribed by 15 U.S.C. § 1635(f) expired in 2009. Any action for damages became time-barred after one year under §1635(e). Accordingly, any claims for rescission under TILA are time-barred. Also, Plaintiff failed to tender the necessary funds to Defendants to rescind her loan, as required under Ninth Circuit law. See *Yamamoto v. Bank of New York*, 329 F. 3d 1167 (9th Cir. 2003); *American Mortgage Network Inc v. Shelton,* 486 F. 3d 815, 821 (4th Cir. 2007). Additionally, Deutsche Bank is not even a named defendant and no other allegations related to December 7, 2009 are made.

    **3. Fourth Claim for Relief—Cancellation of Trustee's Deed or Deed of Trust**

    Plaintiff seeks to void and/or set aside the deed of trust or the foreclosure sale. However, Plaintiff lacks standing since she fails to allege tender or offer to tender the amount due under the loan as these equitable claims require. Also, Plaintiff fails to plead facts regarding any valid basis cancelling the Deed of Trust. The basis for rescission, mistake, fraud or duress, must be pled with specificity. *Stock v. Meek,* 35 Cal.2d 809, 815(1950); *Wood v. Metzenbaum,* 107 Cal.App.2d 727,

# United States Bankruptcy Court
# Central District of California

Santa Ana

Judge Theodor Albert, Presiding

Courtroom 5B Calendar

| | |
|---|---|
| **Thursday, February 3, 2011** | **Hearing Room    5B** |

11:00 am

**Cont....        Kim To Ta**                                                                                                  **Chapter    13**

730(1950). Plaintiff's argument that a lender must "possess the note" prior to conducting a non-judicial foreclosure is not the law in California. Cal. Civil Code §§2924(a)(1); *Champlaie v. BAC Home Loans Servicing*, 706 F. supp. 2d 1029, 1050-51 (Dist. E.D. Cal. 2009). Accordingly, Plaintiff's fourth cause of action should be dismissed.

   **4. Fifth Claim for Relief—Quiet Title**

   In order to state a claim to quiet title, the complaint must be verified and must allege: (1) a legal description of real property and its street address, (2) plaintiff's title as to which a determination is sought and the basis of the title, (3) the adverse claims to the title, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of plaintiff against the adverse claims. Civ. Proc. § 761.020. Further, a plaintiff must pay any debts secured by the property before filing the action. *Nool v. Homeq Servicing,* 653 F. Supp. 2d 1047, 1056(Dist.E.D. Cal.2009) citing *Miller v. Provost*, 26 Cal.App. 4th 1703, 1707 (1994).

   Here, Plaintiff has not tendered all of the amounts due under the note and deed of trust (or any amount, for that matter). Plaintiff cannot state a basis for a superior title and also fails to allege all adverse claims to the Subject Property. Without tender of all amounts due under the loan; lack of any allegations of the basis of Plaintiff's title to the Subject Property, and failure to identify any adverse claims, or that no others exist, Plaintiff's claim fails.

   **5. Sixth Claim for Relief – RESPA Violations**

   Plaintiff claims that "Defendants" violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, which requires effective notice of the transfer of servicing rights. Specifically, Plaintiff asserts that US Bank was named assignee of the Deed of Trust without acquiring an interest in the underlying obligation, US Bank then used this position to change the servicer without notification, and thereafter, US Bank illegally became the servicer and transferred at least some of their servicing obligations to NDEx in violation of RESPA.

   Additionally, Plaintiff maintains that after Defendant NDEx became the "sub-servicer," NDEx mailed Plaintiff a notice of default which materially exaggerated the alleged delinquency and default, and never provided Plaintiff with an accounting to identify the basis for US Bank's claims.

# United States Bankruptcy Court
# Central District of California

Santa Ana

Judge Theodor Albert, Presiding

Courtroom 5B Calendar

| | |
|---|---|
| **Thursday, February 3, 2011** | **Hearing Room    5B** |

11:00 am

**Cont....    Kim To Ta**    **Chapter    13**

However, Defendant DNEx describes Plaintiff's description of NDEx as a "sub-servicer" as misguided. Rather than a servicer, NDEx was the substitute trustee under the Deed of Trust (Exhibit 3). Additionally, NDEx maintains that it was retained to coordinate and effectuate the foreclosure of the Subject Property under the Deed of Trust pursuant to a Substitution of Trustee. As the substitute trustee under the Deed of Trust, NDEx has statutory immunity from civil liability. NDEx cites California Civil Code § 2924(d) providing that the mailing, publication and delivery of foreclosure notices and the performance of statutorily-authorized acts in furtherance of the non-judicial foreclosure process are privileged communications under the qualified common interest privilege of Cal. Civ. Code § 47(c)(1). The privilege applies to all tort claims except malicious prosecution.

But even if Plaintiff's cause of action should not be dismissed under Defendant NDEx's claim of statutory immunity, it should be dismissed based on defenses that are asserted in Defendant US Bank's motion to dismiss:

A. Any RESPA Claims are barred by the statute of limitations. Under 12 U.S.C. § 2614, a one-year statute of limitation from the date of loan origination applies to RESPA claims applicable to finance charges. The statute runs from the "date of the occurrence of the violation." The standard is that the limitations period begins when the plaintiff has a complete and present cause of action (i.e., at loan closing). *Edwards v. First Am. Corp.* 517 F.Supp.2d 1199, 1204-1205 (C.D.Ca 2007). In this case, Plaintiff obtained her loan on November 24, 2006, and filed her action on October 25, 2010, almost four years after loan origination.

B. Plaintiff Fails to Allege any Pecuniary Loss as a Result of the Alleged RESPA Violations. Under 12 U.S.C. § 2605(f)(1)(A), a plaintiff must also allege that the breach resulted in actual damages. Here, Plaintiff generally claims that she "suffered damages," but does not identify actual injury resulting from any unspecified RESPA violation.

C. Pursuant to Federal Rules of Civil Procedure, Rule 8(d)(1), "Each allegation must be simple, concise and direct." Also, in order to plead a claim, a pleading must give "fair notice" of the claim being asserted and the "grounds upon which it rests." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964(2007).] Here, plaintiff is not sufficiently clear about what specific behaviors are alleged to have violated the terms of RESPA, nor does it provide adequate notice to

# United States Bankruptcy Court
# Central District of California

Santa Ana

Judge Theodor Albert, Presiding

Courtroom 5B Calendar

| | |
|---|---|
| **Thursday, February 3, 2011** | **Hearing Room  5B** |

11:00 am

**Cont....    Kim To Ta**                                                                                    **Chapter   13**

what claims are being raised.

Therefore, Plaintiff's cause of action must fail, because (1) Defendant NDEx has statutory immunity from liability on any claim for damages, (2) any RESPA claims are barred by the statute of limitations, (3) Plaintiff has failed to allege any pecuniary loss as a result of the alleged RESPA violations, and (4) Plaintiff fails to allege "Simple, Concise and Clear" allegations and provide notice stating a RESPA claim.

**6. Seventh Claim for Relief—FDCPA**

Plaintiff alleges a variety of acts as to NDEx which allegedly violate the Federal Debt Collection Practices Act. None of these violations are alleged as to US Bank, therefore plaintiff's cause of action must fail as to US Bank.

**7. Eighth Claim for Relief – Wrongful Trustee Sale**

Plaintiff maintains that NDEx "wrongfully permitted US Bank to make a credit bit at the trustee sale, despite the fact that this bidder was not the owner of the note or deed of trust which formed the basis for the trustee sale," and, that US Bank and NDEx breached their obligation to conduct a fair trustee sale.

However, California case law holds that possession of the note is not a prerequisite to foreclosure. *Putkkuri v. Recon Trust Co.*, 2009 WL 32567 (S.D. Cal. 2009); *San Diego Home Sols., Inc. v. ReconTrust Co.*, 2008 WL 5209972; *Farner v. Countrywide Home Loans,* 2009 WL 189025 (S.D. Cal. 2009). There does not appear to be a California requirement that the original note be produced in order to render the foreclosure proceedings valid. Additionally, California Civil Code § 2924(a)(1) provides that a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process."

Plaintiff relies on considerable case law to support Plaintiff's position that MERS was not a proper beneficiary, and that any transfers made by MERS were both improper and void. However, Plaintiff's position is based primarily on cases outside of California.

# United States Bankruptcy Court
# Central District of California

Santa Ana

Judge Theodor Albert, Presiding

**Courtroom 5B Calendar**

**Thursday, February 3, 2011**                                                                                              **Hearing Room    5B**

11:00 am

**Cont....        Kim To Ta**                                                                                                            **Chapter    13**

In response to Plaintiff's cause of action for wrongful trustee sale, Defendant NDEx again asserts that it has statutory immunity against any claim for damages, plus the following:

A. <u>Plaintiff cannot allege tender of all amounts due, which is a prerequisite to challenging foreclosure</u>. In this case, Plaintiff fails to allege tender amounts due under the loan, and specifically avoids discussion of the element of tender in Plaintiff's Response. In an action challenging foreclosure sale, a plaintiff must allege and prove full tender of the full amount of the debt for which the property served as security. *Arnolds v. Management Corp. v. Eischen*, 158 Cal.App.3d 575, 579 (1984). "This rule is premised upon the equitable maxim that a court of equity will not order that a useless act be performed." *Id*. at 578-579.

B. <u>The August 10, 2010 Trustee's Sale is presumed valid</u>. A general rule of common law is that there is a presumption that a trustee's sale has been conducted regularly and fairly. *Wolfe v. Lipsy*, 163 Cal.App.3d 633, 639 (1985). To overcome this presumption, facts indicating the sale was invalidly conducted must be pled and proved. *Hatch v. Collins*, 225 Cal.App.3d 1104, 1113 (1990). The rules governing non-judicial foreclosure of a deed of trust are set forth in the California Civil Code at section 2924, and are intended to be exhaustive. *Moeller v. Lien*, 25 Cal. App. 4th. 822, 834 (1994). In *Khoury v. Maly's of California*, 14 Cal.App.4th 612, 619 (1993), the Court held that a demurrer is properly sustained when the complaint identifies no particular section of the statutory scheme which was violated and fails to describe with reasonable particularity the facts supporting the statutory elements of the violation. In this case, Plaintiff relies on the assertion that a lender must be in possession of the note prior to conducting a non-judicial foreclosure sale, however, the majority of California Case law provides that the lender need not be in possession of the note at the time of foreclosure, as discussed above. Moreover, Plaintiff fails to allege any facts showing a violation of Civil Code sections 2923.5, 2032.5 or 2924, or any other statute. Therefore, Plaintiff has not sufficiently pled that there was a procedural irregularity with the trustee's sale.

C. <u>Plaintiff fails to identify any prejudice resulting from any procedural irregularity</u>. To challenge a trustee's sale based on any claimed irregularity in the foreclosure process, a plaintiff must plead and prove substantial prejudice resulting from the alleged defect. *Melendrez v. D&I Investment, Inc.*, 127 Cal.App.4th 1238, 1257 (2005). In this case, Plaintiff asserts that Defendant US Bank was improperly allowed to make a credit bid for the subject property. However, Plaintiff does not dispute that she was not current on mortgage payments at the time of the sale, and therefore, pleads

# United States Bankruptcy Court
# Central District of California

Santa Ana

Judge Theodor Albert, Presiding

**Courtroom 5B Calendar**

---

**Thursday, February 3, 2011**             **Hearing Room**    **5B**

---

**11:00 am**

**Cont....**      **Kim To Ta**                                                                                 **Chapter**    **13**

no facts indicating that she was prejudiced by an alleged irregularity in the foreclosure sale process.

D. <u>Defendants did not occupy a fiduciary relationship with Plaintiff</u>. Plaintiff contends that Defendants breached their obligation to conduct a fair trustee sale. Courts have consistently held that no fiduciary relationship exists between a lending institution and its borrower. *Kim v. Sumitomo Bank*, 17 Cal.App.4th 974, 979 (1993); *Peterson Development Co. v. Torrey Pines Bank*, 233 Cal.App.3d 103, 119 (1991); *Copesky v. Sup. Ct.*, 229 Cal.App.3d 678, 690 (1991); *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 477 (1989). In this case, Plaintiff cannot identify any duty owed to her by US Bank which was violated by the trustee's sale.

    8. Leave to Amend?

Many of the theories for relief are barred by applicable statutes of limitation or are absent critical prerequisites, such as payment of debt secured by the property or tender of the amounts owing under the note. It does not appear that these can be cured. Nothing can proceed until the issue of standing is cured. The court will hear argument as to whether there is any basis then upon which leave to amend should be granted.

*Grant as to all claims*

| Party Information |
|---|

**Debtor(s):**
    Kim To Ta                                    Represented By
                                                          Gary L Harre

**Defendant(s):**
    NDEx West LLC                       Represented By
                                                          Marisol A Nagata

    U S Bank National Association,        Represented By
                                                             Jeffrey S Gerardo

**Plaintiff(s):**

---

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 20955 Pathfinder Road, Suite 300, Diamond Bar, California 91765.

A true and correct copy of the foregoing document described as **ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On February 7, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge:** Hon. Theodor Albert/Intake, U.S. Bankruptcy Court, 411 West Fourth Street, Santa Ana, CA 92701-4593
**Attorney for Plaintiff:** Gary L. Harre, Law Offices of Gary Harre, 1940 West Orangewood Avenue, Suite 110, Orange, CA 92868
**Attorney for US Bank:** Jeffrey S. Gerardo, Kutak Rock LLP, 18201 Von Karman, Suite 1100, Irvine, CA 92612
**Chapter 7 Trustee:** Charles W. Daff, 2009 N. Broadway, Santa Ana, CA 92706

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 7, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**United States Trustee:** ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 7, 2011 | MARISOL  A. NAGATA | /s/ Marisol A. Nagata |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2009* **F 9013-3.1**

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' COMPLAINT** was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**  Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of February 7, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

**Chapter 7 Trustee:** cdaff@epiqtrustee.com
**United States Trustee:** ustpregion16.sa.ecf@usdoj.gov
**Attorney for NDeX West LLC:** Marisol A. Nagata: cdcaecf@BDFGroup.com
**Attorney for Plaintiff:** Gary L. Harre, ghcmecf@gmail.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

**Debtor:** Kim To Ta, 1021 Kenmore Street, Anaheim, CA 92804
**Attorney for US Bank:** Jeffrey S. Gerardo, Kutak Rock LLP, 18201 Von Karman, Suite 1100, Irvine, CA 92612

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

Jeffrey S Gerardo
Kutak Rock LLP
Suite 1100
18201 Von Karman
Irvine, CA 92612

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2009*

**F 9013-3.1**